60 So.2d 329

**SHEPPARD v. STATE.**

**5 Div. 524.**

Supreme Court of Alabama.

Aug. 27, 1952.

Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., for the State.

D. T. Ware, Roanoke, for appellant.

FOSTER, Justice.

This appellant was indicted with two others for the murder of her small daughter by administering poison. Upon severance being ordered, she was tried separately, convicted of murder in the first degree and her punishment fixed at imprisonment in the penitentiary for life. Motion for a new trial was duly made, and denied by the court.

The indictment was returned on August 21, 1951. On August 22d following, she was arraigned, being personally present and was represented by an attorney, and plead not guilty. No other plea was offered at that time. The trial was set down for hearing on August 27th. The record shows that on that day the defendant for the first time asked permission of the court to plead insanity along with her plea of not guilty. Her counsel stated to the court that he was first approached to represent defendant at the time of her arraignment, when she was brought into court for that purpose, and that she then and there asked said attorney to represent her, and that he had no chance to confer with her at that time and that she simply pleaded not guilty. That after he had conferred with her, he told the solicitor the next morning after the arraignment that he was convinced the defendant's mind was unsound, and that he was going to enter a plea of insanity; and that although no such plea was made at the time of the arraignment, he thought she should be allowed to plead insanity. The court merely replied that the defendant has an exception.

Thereupon the trial began and was had upon the plea of not guilty.

The record of the evidence abundantly supports the contention of the State that the child was poisoned and died after the second effort was made to poison her, and that defendant confessed to participation in the child's death. It was shown that such confession was entirely voluntary and no circumstances were shown in the evidence to the contrary. Defendant made no contention that the confession was not voluntary, or that she did not make the confession.

The only evidence for the defendant was that of one who had been jointly indicted with her for the offense, and he testified that he himself administered the poison, and that defendant did not participate in it.

It appears that there were several policies of insurance on the child's life, some payable to defendant and some to one of the co-defendants. The amount of these policies was paid to the beneficiaries after the child's death.

The record does not show what was done with the indictment as to the other two defendants.

■ Exception was taken to the introduction in evidence of the clothing which was shown to have been worn by and belonged to the child, as to which the toxicologist testified there were found spots of the same nature as that which probably caused the death of the child, to which objection was made. We think the clothing was properly admitted as corroborative proof of the charge that the child died from having the same kind of poisoning administered to her as that which was found on the garments.

We have carefully examined the record, and find the trial was fairly conducted in every way; that every constitutional and legal right was accorded to the defendant, and that the proceeding was in every way regular.

After defendant was found guilty by the jury and so adjudged by the court, a motion for a new trial was made, including among other things which need not be mentioned the claim that at the time of the alleged crime defendant was of unsound mind and not capable of forming criminal intent or knowing the difference between right and wrong and abstaining from doing the wrong if she knew the difference. In support of that motion there was offered in evidence on her behalf the affidavit of her attorney with respect to the occasion of his employment, his want of knowledge of her condition at the time of the arraignment and also the testimony of others, including two deputy sheriffs of the county who testified that they had known the defendant for a long time and that they had seen her and heard her talk practically every day since she had been in jail from May 1951 to October 1951, when the affidavits were made, and that in their opinion her mind was not normal. One of them stated that she was easily led and influenced. There were other affidavits offered by those who had known her for a long time, and one of them stated that she could not tell anything straight through, that she would start to tell something and get on something else, and was always laughing, although there was nothing to laugh about; that she was not normal, just seemed like a "natural born idiot". There were several affidavits to that general effect.

When the motion came on for hearing the solicitor moved that the affidavits mentioned above be stricken on the ground that they were not attached to the motion at the time of filing the motion and were merely ex parte. The court observed that he was of the opinion the affidavits had to be attached to the motion when the motion was filed, and for that reason it was his opinion that the motion to strike such affidavits was well taken, and it was ordered by the court that they be stricken. Thereupon the court made an order and judgment that the motion for a new trial be and the same was thereby overruled.

■ Although there was no exception noted to the judgment of the court overruling the motion for a new trial, that is not necessary under the amendment to section 764, Title 7, Code, by the Act of June 10, 1949, General Acts 1949, page 81. Emerson v. State, 241 Ala. 383, 4 So.2d 186. We think the court was not mindful of Circuit Court Rule 22, as shown on page 1029, Ti-

tle 7, Appendix, Code, in striking the affidavits as they were offered in evidence in support of the motion for a new trial. The ground of said motion being, as we have stated, that the affidavits were not attached to the motion for a new trial at the time the motion was filed, whereas Rule 22 makes no such requirement. In the case of Stone v. State, 243 Ala. 605(13), 11 So.2d 386, this Court referred to the fact that Rule 22 makes no such requirement, and that that rule is the law of Alabama on the subject. But such action of the court in striking the affidavits cannot serve to work a reversal of the judgment of conviction. The newly discovered evidence which will support a motion for a new trial, section 276, Title 7, Code, must have been material to the issues in the case, and which could not with reasonable diligence have been discovered and produced at the trial. Alabama Midland Railway Co. v. Johnson, 123 Ala. 197(4), 26 So. 160; Fries v. Acme White Lead & Color Works, 201 Ala. 613(4), 79 So. 45. There is no justification for granting a new trial on account of newly discovered facts upon which to predicate an issue which was not made on the trial. Evidence of insanity without a plea is improper. Ledlow v. State, 221 Ala. 511(5), 129 So. 282.

Although the statement was made by defendant's counsel in open court before the beginning of the trial that he told the solicitor the next morning after the date of the arraignment that he was convinced that defendant's mind was not sound, he made no effort to obtain evidence of that fact for submission to the court on his application to file a plea of insanity. So that the issue of insanity was not before the court on the trial, and the newly discovered evidence would relate to an issue which was not before the court.

We have a line of cases which hold that it is within the discretion of the trial court to permit a plea to be filed setting up insanity as a defense when on the arraignment upon a capital charge that plea was not interposed. Section 423, Title 15, Code, requires the plea to be filed at the time of arraignment, and if it is not done at that time it can only be done thereafter up-

on the allowance by the court; and it is said in our cases that a refusal to allow it is not revisable, especially in the absence of a showing that such plea would be well founded and susceptible of due proof and, therefore, that its refusal was arbitrary, as where the discretion of the trial court was abused. Garrett v. State, 248 Ala. 612, 29 So.2d 8; Alston v. State, 248 Ala. 163, 26 So.2d 877; Rohn v. State, 186 Ala. 5, 65 So. 42; Morrell v. State, 136 Ala. 44, 34 So. 208.

In order to put the trial court in error in refusing to allow the plea to be filed after arraignment, there should be then submitted a showing satisfactory to the trial court that the claim of insanity was well founded and could be supported by credible proof.

At the time defendant's counsel made application for permission to file the plea there was no such showing made nor at any time during the progress of the trial. It is too late to do so on a motion for a new trial. Therefore, we cannot sustain the contention of appellant that the action of the trial court in refusing to allow the plea was arbitrary.

Finding no reversible error in the record, the judgment is affirmed.

Affirmed.

LAWSON, SIMPSON and STAKELY, JJ., concur.