109 So.2d 146

Olen SHANEYFELT

v.

STATE.

7 Div. 431.

Court of Appeals of Alabama.

Jan. 21, 1958.

Rehearing Denied April 10, 1958.

Arthur Burns, Gadsden, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of the offense of transporting prohibited liquors in quantities of five gallons or more. Section 187, Title 29, Code 1940.

■ For the State, John Henry Smith, a deputy sheriff of Etowah County, testified he followed a 1953 Buick automobile from the Middle Camp Sibert road until it stopped at defendant's home. The occupants of the automobile were defendant and his wife, Eva Shaneyfelt, Eva was the driver of the car. The deputy pulled in behind the Buick as it stopped and the officer asked defendant if he had any whiskey. Defendant replied, "No." The deputy asked to see in the trunk. Eva Shaneyfelt took the trunk key from her purse and the officer opened the trunk and raised the lid. The witness stated he told defendant, "You've got 8 gallons," and defendant answered, "No, they's ten in there." The witness had seen only two cartons with four gallons to each carton before defendant pointed out the additional two gallons lying loose in the trunk. Altogether there were ten one-gallon glass jugs filled with white whiskey.

The witness testified he brought Eva Shaneyfelt, the Buick automobile and the whiskey to the jail, and, with another deputy, returned to defendant's home and placed defendant under arrest.

No evidence was introduced in defendant's behalf.

The evidence presented questions for the jury and was sufficient to sustain the verdict, therefore, there was no error in the overruling of the motion to exclude the State's evidence nor in denying the motion for a new trial on the ground of the insufficiency of the evidence.

■ The granting or refusing of a continuance is largely within the sound discretion of the trial court, and the exercise of such discretion is not reviewable except for gross abuse. See 6A Ala.Dig. ☜586, for numerous decisions.

■ The motion for continuance was because of the claimed illness of defendant. The refusal of a continuance on such ground is not an abuse of discretion if the defendant can be put to trial without interference with his health. Redwine v. State, 36 Ala.App. 560, 61 So.2d 715, certiorari denied 258 Ala. 196, 61 So.2d 724.

■ The doctor's affidavit in support of the motion stated that defendant had had

gastritis and duodenitis for several years and suffered a great deal of pain from time to time; that his condition might be aggravated by periods of stress and emotional tension; that while having such pain as the patient described it was possible that his mental capacities might be "dampened or decreased by said pain." A certificate of the trial judge states that he called the physician before trial and was told by him that defendant had gastritis but that his condition would not prevent his attendance at court.

No abuse of the court's discretion appears in this instance.

■ The State introduced in evidence as an exhibit to the testimony of Sheriff Owens a jug with its contents, which the sheriff identified as one of the jugs of whiskey turned over to him by deputy sheriff Smith on the occasion in question. The label on the jug read: "On 8–24–55 ten gallons of white whiskey was turned over to me. Eva Shaneyfelt and Olen Shaneyfelt."

Thereupon, the court sustained State's objections to each of these questions propounded to the sheriff by defense counsel: "Q. Which one was booked, for transporting, Sheriff, when they were brought in?" "Q. Well, which one was booked first?"

Counsel argues in brief that since the sheriff had read to the jury the notation on the jug implicating him in the ownership of the whiskey, defendant should have been allowed to show that he was not arrested along with Eva Shaneyfelt, but was in fact arrested at a later time.

We find no merit in defendant's contention. We think it was immaterial whether defendant or his wife was booked first. However, if the court's ruling was in fact error, it was error without injury, since immediately following the sustaining of objection to the above questions the sheriff testified in response to questioning by defense counsel that he was present when both

defendant and his wife were brought in and charged, but that he could not recall whether or not they were brought in together by the deputy sheriff. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

One ground of the motion for a new trial was based upon evidence alleged to have been newly discovered.

■ The refusal of a new trial for newly discovered evidence is not error where the evidence could, by the exercise of reasonable diligence, have been discovered and produced at the trial. Sheppard v. State, 257 Ala. 626, 60 So.2d 329; Washington v. State, 259 Ala. 104, 65 So.2d 704.

■ Attached to the motion in support of this ground are affidavits of Eva Shaneyfelt, wife of defendant; Lura Watson, Eva's mother; some next door neighbors to Mrs. Watson; a postman and a man living in St. Clair County. The statements in the affidavits were to the effect that Olen Shaneyfelt was sick in bed and was not in the automobile and that Eva Shaneyfelt was transporting the whiskey from St. Clair County. Some of the affiants stated they didn't know until after defendant's conviction that anyone was claiming he was in the automobile with Eva at the time. There is no showing in the record that an exercise of diligence would not have produced this evidence at the trial. In fact, the affidavit of Eva Shaneyfelt alleges that she was sworn as a witness at the trial but was not called to testify. No error appears in the court's refusal of a new trial on the ground of newly discovered evidence.

■ Counsel argues in brief that the court failed to charge the jury that in order for defendant to be guilty of "transporting," the amount of whiskey involved would have to be five gallons or more. Also, that the court prepared forms of verdicts but failed to mention in said forms the amount of whiskey involved. Counsel states: "It would appear that the final result of the oral charge, considered in its entirety, would be to completely eliminate

any consideration by the jury of the amount of whiskey involved."

This argument is, as counsel concedes, purely technical, and is without merit.

No objection was reserved to any portion of the oral charge, but the court gave at defendant's request several written charges which instructed the jury that they could not find defendant guilty unless they were convinced from the evidence beyond all reasonable doubt that whiskey in the amount of five gallons or more was being transported in the automobile by defendant, or that he aided, abetted or assisted in its transportation.

Furthermore, the court directed the jury's attention to the charge contained in the indictment, and the forms of verdict given to the jury for their consideration concluded with the phrase, "as charged in the indictment." The verdict of the jury was that the defendant was found guilty as charged in the indictment.

Charges refused to defendant were fairly and substantially covered by charges given at his request.

The judgment is affirmed.

Affirmed.