257 So.2d 366

Kenneth L. **ADAMS**

v.

**STATE.**

**7 Div. 68.**

Court of Criminal Appeals of Alabama.

Nov. 9, 1971.

Rehearing Denied Nov. 30, 1971.

Albea & MacMahon, Anniston, for appellant.

MacDonald Gallion, Atty. Gen., and Robert E. Morrow, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Conviction for assault with intent to murder. Punishment fixed at imprisonment for two years. Defendant appeals.

Motion for continuance on grounds of defendant's illness was refused.

In support of the motion Dr. Thomas E. Bridges testified he had treated defendant for sclerosis (sic) of the liver since May, 1968; that he saw him on April 17, 1970, at which time his liver was smaller and tender. He had not been resting as directed or following his prescribed diet; that if a great deal of emotional stress is involved he would not be alert enough to cooperate with his attorney in the trial. On cross examination the doctor stated the problem was physical and did not affect defendant's ability to reason or to confer with his attorney about the facts in the case. On redirect examination the doctor stated he would have sent defendant to a hospital in April if he had been financially able to go; that he would be more helpful to his attorney if he were not suffering from the disease.

The court stated the case had been previously continued because of an operation on defendant's throat. At that time no mention was made of sclerosis (sic) of the liver. That the motion was denied because there was a strong suggestion in the doctor's testimony that to at least the degree to which he was suffering his ailment was self induced; that defendant had presented himself at the hearing, was able to walk about and consult with his attorney and had the appearance of a person functioning in a normal manner.

■ We find no abuse of the court's discretion in refusing the continuance. Redwine v. State, 36 Ala.App. 560, 61 So. 2d 715; Shaneyfelt v. State, 40 Ala.App. 13, 109 So.2d 146.

It is without dispute in the evidence that Albert Satcher suffered a gunshot wound in Anniston, Calhoun County, Alabama, on November 9, 1969, about 8:00 p. m., and was hospitalized until November 29, 1969. The state's testimony was to the effect that Satcher's automobile had stalled on an Anniston street. The front had been pulled off the street but the back end extended about a foot and a half into the street. Satcher was sitting in the car, attempting to start the motor, when defendant, drove up, stopped and got out of his car. Satcher got out and asked defendant if he had a jump cable or if he would push his car to a service station a half block away. Defendant said he didn't have a jump cable and his car wasn't powerful enough to push his car, "but I got something here to kill some niggers with," and shot him.

The defendant denied the shooting and offered evidence of an alibi, tending to show he was either at his place of business or at a friend's house several miles away at the time defendant was shot.

The evidence presented questions for the jury's determination and was sufficient, if believed to the required degree, to support the conviction.

The court's action refusing the affirmative charge and in overruling the motion for a new trial on the ground of the insufficiency of the evidence was without error.

Officer Hill, of the Anniston Police Department testified he was called to the scene of the shooting and found a "45 cartridge" near Satcher's automobile. The cartridge was offered in evidence as "State's Exhibit 2." Defense counsel objected to its introduction on the ground: "There is not testimony of anything to show how long that spent cartridge has been there and there is no connection." The objection was overruled.

The defendant contends the admission of the cartridge was reversible error.

■ West v. State, 37 Ala.App. 125, 65 So.2d 203, supports our conclusion that no reversible error has been demonstrated.

In his argument to the jury the assistant district attorney stated:

"Mr. Adams is always some other place. He always has witnesses to put him some other place."

Defense counsel moved for a mistrial. The motion was overruled.

The assistant district attorney continued:

"I would believe Mrs. Adams, and I wish he had been home. If she stood on this witness stand and told you he was at home I believe that I would believe her. I think she has had a lot to put up with in the last five or ten years. She is loyal and dedicated and I think she is to be congratulated for it. If he had been—"

Defense counsel objected to matters concerning defendant's personal life, which were not in evidence, and moved for a mistrial.

The court denied the motion for a mistrial, but instructed the jury as follows:

", I will say this: Any reference to the past five years or any period of time, or any reference to anything that can not be reasonably drawn from the testimony in this particular case is improper and must be disregarded by you ladies and gentlemen."

The assistant district attorney continued, as follows:

"—We haven't heard much out of Mr. Adams in the last five years. You think about that when you go in the jury room. You think about what happened five years ago in Anniston,.

Alabama, and you ask yourselves if that's what you want to happen again."

Defense counsel renewed his motion for a mistrial, which was denied, but instructed the jury as follows:

"Ladies and gentlemen, we are trying to try a case here today on the testimony that came from the witness stand yesterday and today. You are entitled to draw any reasonable inferences or implications from the sworn testimony itself, but going back and trying to dredge up unrelated inferences that may or may not have occurred a long time ago is entirely improper. I have told you and I have told the attorneys it's improper. I don't know anything else to do other than just deny the motion for a mistrial on the basis of the time and expense that has been involved in this particular trial; and direct you to disregard that statement and all similar statements, and direct your attention only to the evidence produced from the witness stand, and the reasonable inferences and implications to be drawn from that evidence only. Any outside matters or matters remote in time or place have no place in your deliberations whatsoever. I'm reprimanding the attorney, Mr. Field, for attempting to bring that up twice, particularly after I stated that it was not admissible. I don't know anything else to do except to repress that and eliminate that as strongly as I can from this case."

The state's attorney stated:
"I apologize to the Court, and Mr. Stoner, and you ladies and gentlemen of the jury."

While the argument of the state's attorney was improper, we are of opinion that any harmful effect of said argument was eradicated by the prompt admonition of the trial judge. A mistrial was not required.

We have carefully searched the record and find no reversible error.

Affirmed.