289 So.2d 101 (1974)
STATE of Louisiana
v.
Frank NAVARRE.
No. 53892.
Supreme Court of Louisiana.
January 14, 1974.
Rehearing Denied February 15, 1974.
*102 Eddie N. Pullaro, Houma, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., James L. Alcock, Asst. Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
Defendant, Frank Navarre, was tried by a jury and convicted of the crime of attempted simple burglary. He was sentenced to serve four and one-half years at hard labor in the Louisiana State Penitentiary, Angola, Louisiana. In this appeal he relies on three bills of exceptions reserved to rulings of the trial court.
On May 6, 1972, at about 1:45 a. m. Mrs. Norma L. Baker, an employee of the A-1 Answering Service, heard the sound of breaking glass coming from the direction of the back door to the Family Drug Store in Houma, Louisiana. The answering service was located above and to the rear of the drug store. Suspecting that someone was breaking into Family Drug, Mrs. Baker called the police to report the disturbance.
Officers John Price and Richard Authement, who were patrolling in the neighborhood, responded to the call and arrived at the scene within a few minutes. On approaching the back door of the drug store, they observed the defendant, Frank Navarre, breaking the back door window with a garbage can cover. He was placed under arrest and charged with attempted simple burglary of the Family Drug Store.
BILL OF EXCEPTIONS NO. 1
This bill was reserved to the trial court's denial of defendant's written motion for a continuance filed on the day of trial. The basis for the motion was that the attorney *103 appointed to represent Navarre had not had sufficient time within which to discuss the case with defendant, nor to prepare a proper defense. A hearing was held on the motion, defense counsel was sworn and testified he had consulted with the defendant twice about the case. He had also consulted with James Funderburk, the attorney originally appointed by the Indigent Defender Board to represent Navarre (who either withdrew or was removed as defendant's counsel when his law partner became an assistant district attorney). Funderburk supplied counsel with all of his files on the matter and apprised him of the testimony given at a preliminary examination. Counsel further testified he had spoken with three of the witnesses in the case. (Four testified at trial.)
The trial court then asked counsel the following question: "So in effect, would it be fair to say that you have in fact you have prepared yourself to try this case today?" Counsel answered, "I attempted to prepare myself. I did not discuss it as fully as I would like to have with Mr. Navarre. Based on other circumstances, I did prepare it outside of discussing it with Mr. Navarre." The court then denied the motion.
As pointed out by the State in argument at the hearing and in brief, the facts of the case are relatively simple. The police officers caught the defendant red-handed. The record reveals that the attorney originally appointed to represent Navarre, James Funderburk, had made available to defense counsel all his files and other information concerning the case. In addition, the two attorneys had a two hour conference concerning defendant's case. Mr. Pullaro had interviewed three of the four witnesses in the case prior to trial. In oral argument before this Court, counsel admitted he felt he was prepared to go to trial on the matter. The trial itself lasted less than two hours.
Article 712 of the Code of Criminal Procedure provides:
"A motion for continuance, if timely filed, may be granted, in the discretion of the court, in any case if there is good ground therefor."
This Court has repeatedly held it will not disturb a trial judge's ruling in such cases unless there is a clear showing of an abuse of discretion. State v. Sinclair, 258 La. 84, 245 So.2d 365 (1971); State v. Austin, 258 La. 273, 246 So.2d 12 (1971); and State v. Polk, 258 La. 738, 247 So.2d 853 (1971). No such showing of an abuse of discretion has been made. This bill is, therefore, without merit.
BILL OF EXCEPTIONS NO. 2
The formal bill of exceptions does not reveal to which of the other two bills reserved at the pre-trial hearing it refers. It states:
"* * * A Bill of Exception now numbered `2' was reserved by the defendant, Frank Navarre, through his counsel, as particularly shown by the attached note of evidence on Bill of Exception No. 2, the argument by counsel for defendant therein, as well as remarks made by defendant, and the Ruling of the Court and reasons therefor are incorporated herein and made a part of this formal Bill of Exception."
No note of evidence was attached. The other two bills reserved at the pre-trial hearing were based on the following:
1. Counsel reserved a bill when the trial court denied his oral motion for a continuance based on defendant's inability to withstand the rigors of a full day of trial because of health reasons.
2. A bill was reserved to the court's denial of the defendant's oral motion to have his court appointed attorney dismissed on grounds that counsel did not know anything about defendant's case and was not prepared to defend him.
C.Cr.P. Art. 707 requires that an application for a continuance be by written *104 motion, which was not done in this case. Defendant's physical inability to stand trial was based on the fact that he had been shot at some unspecified time in the past, he had trouble with his throat, and the food in the jail had aggravated his condition. The court based its denial of this motion on the fact that being incarcerated in the parish jail would not be conducive to improvement of defendant's health, and no competent medical evidence had been presented to substantiate his claims. The trial itself took less than two hours. Defendant did not take the stand, and thus was not subjected to the rigors of cross-examination. No written motion was submitted. Denial of the continuance because of defendant's alleged physical disability was not error.
Defendant's oral motion to have his counsel dismissed is equally without merit. Under Bill of Exceptions No. 1 we agreed with the trial court that the appointed attorney was adequately prepared to represent the defendant. This same point was considered by us in State v. Austin, supra. There Mr. Justice Dixon as the organ of this Court, said:
"* * * Defendant is entitled to counsel. He may hire whom he chooses. Because he is indigent, he is privileged to have the State appoint an attorney without any cost to him. To permit the accused to discharge his court-appointed counsel on the day of trial, without any showing of incompetence and without having a privately retained attorney present to take his place, would be to permit defendant to choose which lawyer the court must appoint to defend him. We are not aware of any basis in law for such a claim upon the State or upon the members of the bar."
Defendant made no showing of incompetence. He had no other attorney present to take defense counsel's place. This complaint is without merit.
BILL OF EXCEPTIONS NO. 3
This bill was reserved to the trial court's denial of defendant's motion for a new trial. The motion was based on the allegedly erroneous denial of the continuance that was the subject of Bill of Exceptions No. 1. Since we found no merit in Bill No. 1, we found none here either. Additionally we note that defendant was sentenced on March 1, but the motion was not filed until March 5. C.Cr.P. Art. 853 requires that the motion must be filed before sentencing, unless new evidence is produced. It was error for the trial court to have entertained this motion. The bill is without merit.
The correct sentence for this offense is "at hard labor" and the minutes should be corrected to so reflect.[*]
The conviction is affirmed, and subject to amendment, the sentence is affirmed.
NOTES
[*] As far as the commitment of the defendant, it is to be to the Department of Corrections as required by R.S. 15:824.