327 So.2d 380 (1976)
STATE of Louisiana
v.
Wilbert "Honky" WINSTON.
No. 56995.
Supreme Court of Louisiana.
February 23, 1976.
Reuvan N. Rougeau, Lake Charles, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., James L. Babin, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Wilbert "Honky" Winston was charged by grand jury indictment with *381 distribution of heroin in violation of La.R.S. 40:966(A). After trial by jury, the defendant was found guilty as charged and was sentenced to serve the remainder of his natural life at hard labor. On appeal to this Court, defendant relies upon seven assignments of error for reversal of his conviction and sentence. Finding reversible error in the denial of defendant's motion for a continuance (Assignment of Error No. 2), we need not consider the other assigned errors.
On February 28, 1975, defendant was indicted by grand jury for distribution of heroin. This act was alleged to have taken place on September 29, 1974 at the Delta Downs Race Track in Calcasieu Parish.
In March 1975, defendant was arrested while in Orange County, Texas, and at that time employed a Texas attorney. Following his transfer to this state's jurisdiction, in the Fourteenth Judicial District Court for the Parish of Calcasieu, defendant retained a local Louisiana attorney to represent him in his then forthcoming criminal proceedings. This retained counsel represented defendant at his arraignment on April 7, 1975, at which time trial was set for May 12, 1975; he filed several pre-trial motions on behalf of defendant.
On Friday, May 9, 1975, an assistant district attorney notified the trial judge that counsel for defendant had withdrawn; the assistant requested that the court appoint counsel to represent defendant.[1] At that time, Reuvan N. Rougeau was called at his office, asked to come down to court, and was appointed. Defendant was not present at that time and Mr. Rougeau did not see defendant until the following Monday, May 12, 1975, the day for which trial was originally scheduled. The only reason which appears in the record before us for the withdrawal of defendant's retained counsel is a statement in an affidavit attached to a motion for new trial that defendant had a conflict with that attorney who, representing defendant's wife on charges of distributing heroin on a different date than that of defendant's alleged actions, was apparently bargaining successfully on her behalf, but was doing little on behalf of defendant.
On May 12, 1975, when defendant appeared in court (along with Mr. Rougeau) he informed the court that he wished to employ counsel of his own choosing. The court told him that he could do so and reset trial for one week later, May 19, 1975. Mr. Rougeau heard nothing further until on or about Friday, May 16, 1975,[2] when defendant notified him that he had been unable to retain counsel and had no choice but to accept representation by Mr. Rougeau. On Monday, May 19, 1975, the new trial date, Mr. Rougeau, on behalf of defendant, offered a written motion for a continuance arguing that he had been unable to prepare an adequate defense and that he would "need additional time in which to investigate and carry out the necessary procedures required in order to see that the defendant is given a full and fair hearing upon trial of the matter." After a hearing on the motion, followed by a lunch recess, the trial court ruled as follows:
"The Court has offered the defendant a continuance until Wednesday, May 21, 1975. Counsel for defendant has indicated that that would be of no benefit, and so the Court has denied the motion for a continuance altogether. Counsel for defendant indicated that he is just not ready to try the case today, or Wednesday, and so the Court denied the motion for continuance altogether."
The trial was begun immediately with the jury selection on the afternoon of May 19, *382 1975 and with trial beginning in earnest on May 20, 1975. During the trial the state presented only one witness, a narcotics officer with the Calcasieu Parish Sheriff's Department, who was not the actual undercover agent negotiating the sale involved in the case, but one who purportedly observed the alleged sale. The undercover agent who allegedly purchased the heroin was not put on the stand. Although Mr. Rougeau requested two instanter subpoenas on behalf of defendant after the presentation of the state's case, neither proved fruitful to defendant and he therefore presented no witnesses.
Article 712 of the Louisiana Code of Criminal Procedure provides as follows:
"A motion for continuance, if timely filed, may be granted, in the discretion of the court, in any case if there is good ground therefor."
While the general rule that a trial judge has a large measure of discretion in determining whether or not a continuance will be granted is recognized and respected by this Court, [State v. Carruth, 311 So.2d 866 (La.1975); State v. Brewer, 301 So.2d 630 (La.1975); State v. Williams, 262 La. 317, 263 So.2d 306 (1972)], we will not allow the denial of a motion for continuance to stand if it is clear that the trial court exercised that discretion unreasonably. Whether a refusal to grant a continuance was justified depends primarily on the circumstances of the particular case. In the case before us, the main thrust of defendant's argument is that the decision of the trial court was unreasonable and an abuse of discretion in that defendant was tried on the serious charge of distribution of heroin and was sentenced to life imprisonment when he and Mr. Rougeau, his court appointed counsel, were neither ready to go to trial nor afforded a reasonable opportunity to adequately prepare for trial.
It has long been recognized that the duty of courts to provide counsel for those accused who are financially unable to retain an attorney "is not discharged by an assignment at such a time and under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case." (Emphasis added) Powell v. Alabama, 287 U.S. 45, 71, 53 S.Ct. 55, 65, 77 L.Ed. 158 (1932). See also State v. Collins, 104 La. 629, 29 So. 180 (1901). While no minimum period between the appointment of counsel and trial has ever been specified by the court as adequate time to prepare for trial, it has been noted that "the denial of opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel." Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940).
In the case before us, counsel was appointed to represent defendant on May 9, 1975, only 10 days before trial. Actually, appointed counsel did not have those ten days to prepare a defense, for on May 12, 1975, the first time Mr. Rougeau met with his client, defendant requested permission of the court to seek retained counsel and the court informed him that he would be permitted to attempt to do so. In light of these circumstances Mr. Rougeau did not pursue the case any further, apparently neither interviewing defendant nor initiating any type of investigation or search for witnesses. It was only on Friday, May 16, 1975, that Mr. Rougeau was alerted to the fact that he would indeed be representing defendant. Therefore, Mr. Rougeau is actually chargeable with only three days notice, including an intervening Saturday and Sunday, before the trial court denied the motion for continuance and the trial commenced.
It has been frequently recognized that an accused may not discharge or replace original counsel for the purpose of obtaining a *383 postponement of the trial by a claim that the new attorney has not had adequate time for preparation. In particular, this Court has held that while an accused does have the right to counsel of his own choice to defend him on criminal charges, this right does not permit "arbitrary action which obstructs orderly procedure in the courts" and that the right of an accused to select his own attorney must be exercised at "a reasonable time, in a reasonable manner, and at an appropriate stage." State v. St. Amand, 274 So.2d 179, 189 (La.1973), quoted in State v. Brewer, 301 So.2d 630 (La.1974). See also United States v. Terry, 449 F.2d 727 (5th Cir. 1971); United States v. Cozzi, 354 F.2d 637 (7th Cir. 1965), cert. denied 383 U.S. 911, 86 S.Ct. 896, 15 L.Ed.2d 666 (1966).
In this case, however, the remark by the state at the hearing on the motion for continuance that "[t]his man just doesn't want to go to trial" is unsubstantiated. While according to defendant's affidavits attached to motion for a new trial defendant did fire his retained counsel, there is no indication that this was done for purposes of delay. Furthermore, on May 12, 1975, the original trial date, defendant was told that he could attempt to retain new counsel. When he realized he would be unable to do so, defendant got in touch with Mr. Rougeau and on Friday, May 16, 1975 informed him that he would be needing his representation. But at this time, with only three days, including a Saturday and Sunday, before the May 19, 1975 trial date, Mr. Rougeau had little opportunity to interview or obtain witnesses, or otherwise prepare for trial.
The case before us is clearly distinguishable from recent decisions by this Court holding that trial courts had not abused their discretion in denying motions for continuance. For example, in State v. Navarre, 289 So.2d 101 (La.1974), the record revealed that the attorney originally appointed to represent the defendant had made available to defense counsel all his files on the case; that the two attorneys had had a two hour conference concerning defendant's case; and that defense counsel had consulted with defendant twice and had interviewed three of the four witnesses. Furthermore, Navarre involved an attempted simple burglary in which defendant was caught red-handed. In State v. Brewer, 301 So.2d 630 (La.1974), the trial took place three weeks after appointment of counsel, and in State v. Smith, 322 So.2d 197 (La.1975), defense counsel represented defendant at his arraignment at which time the trial was scheduled 90 days later.
Here Mr. Rougeau had in actuality only three days to prepare for trial, in a circumstance where the alleged offense took place some eight months before his appointment. The difficulty of searching for witnesses and preparing a defense under circumstances where the crime was allegedly committed months before appointment should be taken into consideration when determining adequate time for trial preparation. Furthermore, Mr. Rougeau, appointed by the court to insure the defendant received a fair trial, repeatedly informed the court at the hearing on the motion for continuance that he was not prepared to go to trial and could not possibly provide a defense for defendant at that time. In this case, where an undercover narcotics officer was involved in the alleged distribution of heroin, and where defendant was not indicted for four months, was not arrested for six months and was not brought to trial for eight months, a request for a continuance of trial for one or two more weeks in order to allow Mr. Rougeau to prepare an adequate defense was reasonable.
Under the circumstances of this case we find that the refusal of the trial court to grant a continuance was arbitrary and an abuse of discretion. While defendant's efforts to obtain retained rather than appointed counsel did delay the commencement *384 of trial preparation by Mr. Rougeau, there is no indication that his real intention was to further postpone the criminal proceedings. In fact, defendant did not wait until the May 19 trial date to inform the court that he had been unable to retain counsel, but on his own initiative contacted Mr. Rougeau and, on the Friday before the Monday trial date, informed him that he would be needing his representation at the trial scheduled the ensuing Monday.
If the court had clearly indicated on May 12, 1975, the original trial date, that while defendant had a right to counsel of his own choice, the trial would take place on May 19, 1975 and that defendant should allow Mr. Rougeau to prepare for trial on that date in view of the possibility that defendant would not be able to retain counsel, the situation would perhaps be different. However, the record before us reflects no clear indication to defendant or to Mr. Rougeau that further continuances would not be allowed. Thus, while we by no means condone actions by defendants which disrupt proper and efficient judicial administration, under the circumstances of this case, and on the record before us, the denial of the motion for continuance constituted reversible error.
For the reasons assigned, the conviction and sentence are reversed and set aside, and the cause is remanded for a new trial.
SANDERS, C. J., and SUMMERS, J., dissent.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
Under the facts of this case, I find no abuse of the trial judge's denial of defendant's motion for a continuance. Accordingly, I respectfully dissent.
NOTES
[1] Apparently defendant himself neither requested appointment of counsel nor alleged that he was an indigent.
[2] On oral argument before this Court, Mr. Rougeau stated that he received a telephone call from defendant on Thursday, May 15, 1975, but could not get down to the jail to see him until Friday, May 16, 1975.