342 So.2d 219 (1977)
STATE of Louisiana
v.
Nick KARNO.
No. 59133.
Supreme Court of Louisiana.
February 18, 1977.
*221 Granted and remanded. See Per Curiam.
SUMMERS, J., is of the opinion the writ should be granted, the case placed on the docket for a hearing and, after briefs and arguments, this court should file an opinion on the issues presented.
DIXON, J., concurs in the per curiam, but would grant the writ and permit the parties to argue the matter before us on the next court day.
PER CURIAM.
On February 7, 1974, defendant Nick Karno was indicted by the Orleans Parish Grand Jury with having committed second degree murder in violation of La.R.S. 14:30.1. Later that year the trial court granted the defendant an indefinite continuance due to his physical condition. On October 8, 1976, a new hearing was held on the matter and the trial judge initially ruled that defendant would have to stand trial. On December 23, 1976, however, that ruling was dismissed and defendant was again granted a continuance. The state has applied for writs of certiorari, mandamus and prohibition from that judgment.
Article 712 of the Louisiana Code of Criminal Procedure provides that "[a] motion for continuance, if timely filed, may be granted, in the discretion of the trial court, in any case if there is good ground therefor." (emphasis added) This Court has consistently recognized that the granting or refusing of a motion for continuance rests in the sound discretion of the trial judge and that his ruling will not be disturbed on appeal absent a showing of abuse of discretion. State v. Sosa, 328 So.2d 889 (La.1976); State v. Carruth, 311 So.2d 866 (La.1975); State v. Brewer, 301 So.2d 630 (La.1974); State v. Williams, 262 La. 317, 263 So.2d 306 (1972). Furthermore, this Court has recognized that whether or not the trial court has exercised its discretion unreasonably depends primarily on the facts and circumstances of the particular case. State v. Winston, 327 So.2d 380 (La.1976). These general principles apply with equal force when the grounds on which the continuance is sought is the physical condition of the accused. See State v. Brown, 322 So.2d 211 (La.1976); State v. Navarre, 289 So.2d 101 (La.1974); State v. Roberts, 278 So.2d 56 (La.1973); State v. Forsyth, 229 La. 690, 86 So.2d 536 (1956).
Other jurisdictions also recognize that the trial court has broad discretion in passing upon motions for continuance based on the physical condition of the accused, both in determining whether the defendant *222 is in fact suffering from ill health or disability and in weighing the possible adverse consequences of his being brought to trial. See e.g. Bernstein v. Travia, 495 F.2d 1180 (2d Cir. 1974); United States v. Doran, 328 F.Supp. 1261 (S.D.N.Y.1971); Adams v. State, 47 Ala.App. 506, 257 So.2d 366 (1971), cert. denied 288 Ala. 731, 257 So.2d 368 (1972); People v. Martinez, 264 Cal.App.2d 906, 70 Cal.Rptr. 918 (1968); Compton v. State, 500 S.W.2d 131 (Tex.Cr.App.1973). However, it is well established that if an accused is in fact suffering from a physical condition such that standing trial would seriously endanger his health, or if his illness or disability substantially impairs effective participation in his defense, he is entitled to a continuance. See, e.g. United States v. Knohl, 379 F.2d 427 (2d Cir.), cert. denied 389 U.S. 973, 88 S.Ct. 472, 19 L.Ed.2d 465 (1967); United States v. Doran, supra; Eastland v. State, 223 Miss. 195, 78 So.2d 127 (1955).
While still recognizing the broad discretion which must be afforded to the trial judge in this area, we have concluded that there are some fundamental variables which should guide the exercise of that discretion. These include the following:
(1) Medical Reports and Judgments The threshold questions are whether the accused is indeed suffering from the disability complained of and whether there is a high risk that forcing the defendant to stand trial would seriously endanger his health and/or prevent him from effectively participating in his defense. Where possible and deemed necessary, appointment of independent medical experts is suggested;
(2) Evidence of Defendant's Activities During the Period of IllnessThis factor involves consideration of the accused's lifestyle and activities during the period in question. See, e.g. United States v. Bernstein, 417 F.2d 641 (2d Cir. 1969); United States v. Landsman, 366 F.Supp. 1027 (S.D.N.Y.1973); United States v. Doran, supra; Shetsky v. State, 290 P.2d 149 (Okl.Cr.1955). Appropriate weight might be given to personal observations by the trial judge and to the extent of the defendant's participation in earlier pre-trial motions, hearings, etc.;
(3) Possible Availability of Measures to Minimize the Risk to Defendant's Health in Subjecting Him to trialA continuance may not be required when certain steps can be taken to effectively protect the accused during the course of the trial, including shortening the trial day, providing for recesses as necessary, and making available emergency medical aid. See, e.g. United States v. Knohl, supra; United States v. Landsman, supra; United States v. Sweig, 316 F.Supp. 1148 (S.D.N.Y.1970). The defendant, of course, has a corresponding responsibility to guard his own health during this period. See United States v. Landsman, supra. In weighing the possibility of minimizing medical risk, the courts should take into account the length of time the trial is expected to last. See, e.g. United States v. Knohl, supra; State v. Navarre, supra. A caveat is noted, however, in that the ability to minimize the risks involved does not per se indicate that the motion for a continuance should be denied. See United States v. Doran, supra; (4) Whether the Accused Will be Better Able to Stand Trial at a Later DatePostponement of trial is often the appropriate, obvious and fair decision for both the defendant and the public when the disability is temporary and/or curable. In cases where the accused's condition is deteriorating, however, a determination that the accused is presently unable to stand trial may amount to a decision that he may never be tried. While this should never be a decisive factor, see Eastland v. State, supra, the degree of "acceptable" risk may vary depending upon whether the request for the continuance is merely for delay to allow for improving health or for an indefinite continuance based on the existence of a condition likely to become progressively worse. See United States v. Sweig, supra;
(5) The Degree of Injury to the Public Interest Deemed to Result from Delay or Total Preclusion of a Trial It is an undeniable fact that some criminal cases *223 are more "important" in relative terms than others and, therefore, some weighing of this variable may be appropriate. It should never, however, be determinative in and of itself and should be considered with caution. See United States v. Doran, supra; (6) The Effect of Defendant's Physical Condition on the Exercise of His Constitutional RightsThe trial court should carefully consider whether the accused's present physical condition is such that it may substantially impair his constitutional right to effective assistance of counsel, see Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); his right to be present in the courtroom at every stage of his trial, see Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); and his right to confront witnesses and testify on his own behalf, Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); La.Const., Art. 1, § 16 (1974). See Eastland v. State, supra. If the defendant voluntarily has informed the court he will not testify during the trial, the court should take this into consideration also. Bernstein v. Travia, supra;
(7) The Presumption of InnocenceArticle I, section 16 of the Louisiana Constitution of 1974 provides that "[e]very person charged with a crime is presumed innocent until proven guilty . . . ." Courts must be particularly mindful of this fundamental right when weighing the risk to defendant's health or life in bringing his case to trial.
Since the trial court's decision to grant a continuance in this case was made without benefit of the guidelines and principles set forth above, we deem it in the best interest of justice to remand the case to the trial court for a new hearing and ruling on the motion for a continuance in accordance with the views expressed herein. Accordingly, we do not review the merits at this time, recognizing that both the defendant and the State will have a right to seek review by application for supervisory writs at the conclusion of the new hearing.
For the reasons assigned the application is granted and the case is remanded to the trial court for a new hearing in accordance with the views expressed herein.