450 So.2d 43 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Sherman J. CAILLIER, Jr., Defendant-Appellant.
No. CR83-791.
Court of Appeal of Louisiana, Third Circuit.
May 16, 1984.
Writ Denied September 14, 1984.
*44 Thomas E. Guilbeau, Lafayette, for defendant-appellant.
Michelle E. Jackson, Asst. Dist. Atty., Lafayette, for plaintiff-appellee.
Before FORET, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
Defendant, Sherman J. Caillier, was convicted by a jury of armed robbery (LSA-R.S. 14:64). He was convicted in a judge trial of aggravated battery (LSA-R.S. 14:34). He was sentenced to 40 years at hard labor for the armed robbery and given a concurrent sentence of 10 years for the battery. On this appeal he presents three assignments of error: (1) ineffective assistance of counsel; (2) the trial court's refusal to allow defendant to testify in his own defense; and, (3) non-compliance in sentencing with LSA-R.S. 15:824.
The record on appeal contains the entire trial. It appears from the evidence that the defendant and another robbed a gas station attendant in Lafayette in the early hours of July 15, 1982. Defendant was armed with a pistol. His accomplice emptied the store register of its money while defendant held a gun on the attendant. Defendant then beat the attendant into unconsciousness.
The victim later identified the accomplice in a photo lineup. The accomplice confessed and implicated the defendant. The victim identified the defendant in another photo lineup. Defendant was charged with armed robbery and aggravated battery.
Defendant's first counsel presented a bond reduction motion to the court and then was permitted to withdraw. His second appointed counsel was permitted to withdraw when defendant expressed a desire to retain his own counsel. The third attorney, Fredric G. Hayes, was retained and served as the trial counsel. After trial defendant retained his fourth attorney who filed the appeal. During the pendency of the appeal the fourth attorney was permitted to withdraw and his present counsel was substituted.
It was the third, or trial counsel, Fredric G. Hayes, whose representation is now alleged to have been ineffective.

ASSIGNMENT OF ERROR NO. 1
Defendant claims that his trial counsel was ineffective because he was not prepared for trial and because at the trial he provided only token representation.
An ineffective assistance of counsel claim is properly raised by writ of habeas corpus in the trial court. State v. Seiss, 428 So.2d 444 (La.1983). This was not done in the present case, the claim being presented for the first time on appeal. Therefore, we do not have the benefit of the opinion of the judge who presided at the trial regarding the effectiveness of counsel, nor any explanation of his representation by the attorney whose effectiveness is challenged. However, review of *45 the claim can be made on the present record and we will do so in the interest of judicial economy. State v. Seiss, supra.
In State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983), the Louisiana Supreme Court stated as follows:
"To establish a claim of ineffective representation, the defendant must demonstrate that counsel did not meet the level of competency `normally demanded' in criminal cases. An adequate defense must be based on `informed professional deliberation.' McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); State v. Felde, 422 So.2d 370 (La.1982). Effective assistance of counsel does not mean `errorless' counsel, or counsel which may be judged ineffective on mere hindsight, but counsel `reasonably likely to render and [actually] rendering reasonably effective assistance.' State v. Seiss, 428 So.2d 444 (La.1983); State v. Ratcliff, 416 So.2d 528 (La.1982).
"In the recent decision of State v. Berry, 430 So.2d 1005 (La.1983), this court established a meaningful analysis for claims of ineffective assistance of counsel. Adopting the two-pronged inquiry of McQueen v. Swenson, 498 F.2d 207 (8th Cir.1974), this court established the first inquiry as to whether counsel violated some duty to the client. The second inquiry is whether the violation, if any, prejudiced the client in the defense of his case...."
In the present case both inquiries must be answered in the negative. Defendant's trial counsel actively participated in the voir dire, questioning prospective jurors and exercising numerous peremptory challenges. He made an opening statement, although one was not required. He made objections during the testimony. He cross-examined the State's witnesses. He presented the defendant's alibi defense. He made a brief but logical closing argument based on the alibi testimony.
Defendant complains that his attorney did not make a proper trial investigation into the case because no pretrial motions were filed. According to the brief of the State, however, defendant's attorney did conduct an investigation which included an examination of the State's file, obtaining a copy of the accomplice's taped statement, and inspection of the physical evidence. Since all materials were provided by the State, there was no need for the defense attorney to file pretrial motions, particularly discovery motions. State v. Seiss, supra.
We can find nothing in the record suggesting that counsel violated some duty to his client or that if any violation occurred, it prejudiced the client in the defense of the case. Defendant has made no specific showing of prejudice. Defendant's alibi witness was his girlfriend who testified that he was with her at the time of the robbery. Appellant's brief contends that there were other alibi witnesses but names none. This contention is inconsistent with the testimony of his girlfriend who stated that he was with her in her mother's house from 8:00 o'clock in the evening until 3:00 o'clock in the morning, which covered the time period during which the robbery occurred.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
This alleged error concerns the refusal of the trial court to permit the defendant to take the stand and testify in his own behalf.
After the defendant's witnesses testified, the defendant rested and the State announced it had no rebuttal. The trial court then told the jury the testimony was finished and took a recess. After the recess the assistant district attorney stood and began to address the jury in closing argument when she was interrupted by defense counsel who made a request that the jury be temporarily removed from the courtroom. Counsel then informed the Court that defendant had just at that moment indicated he wished to testify. Counsel explained that he had discussed with defendant his testimony prior to resting, and *46 thought defendant had indicated he did not want to testify, but that now defendant took the position that he had told his counsel he did want to testify. Mr. Hayes then asked the Court to permit defendant to testify.
The trial court, convinced that defendant had in fact told his counsel that he did not want to take the stand and that his new stance was a change of mind, rather than a misunderstanding, refused to reopen the case for defendant's testimony.
After the arguments and the jury charge and while the jury was out deliberating, the trial court conducted a hearing into the matter, and determined that defendant was in fact overheard by a deputy sheriff to have told his attorney, before resting his case, that he did not want to take the stand.
The issue, then, is simply whether the trial court committed reversible error in refusing to permit defendant to take the stand when the decision to do so occurred after closing arguments began.
LSA-C.Cr.P. article 765(5) provides that at this stage the normal order of trial shall be:
"(5) The presentation of the evidence of the state, and of the defendant, and of the state in rebuttal. The court in its discretion may permit the introduction of additional evidence prior to argument;"
It is within the trial judge's discretion to admit additional evidence prior to argument. State v. Wise, 434 So.2d 1308 (La. App. 3rd Cir.1983); State v. Bonanno, 373 So.2d 1284 (La.1979). Neither C.Cr.P. article 765 nor its interpretation by the case law suggest that the trial court may allow testimony after arguments begin. In the instant case, the State had begun its closing argument when the request was made that defendant be allowed to testify.
The record reveals that the defendant, not only on this one whispered occasion just before he rested, but on other prior occasions during the trial, had indicated to his counsel that he did not want to take the stand. It was based on this understanding that defense counsel rested. In criminal cases the right to testify in one's own behalf is a carefully protected right. However, Louisiana legislation and jurisprudence have articulated guidelines to maintain an orderly trial while still being fair to the defendant. The trial court was correct in denying defendant's request to take the stand after his trial was over and the closing arguments had begun.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
The defendant alleges that his armed robbery sentence was in violation of LSA-R.S. 15:824 because the sentence did not specifically state that the defendant was to be committed to the Louisiana Department of Corrections.
When sentencing was pronounced, the trial court first sentenced defendant to 10 years "at hard labor with the Department of Corrections" indicating that that sentence was "to run concurrent with the armed robbery charge". Thereafter, in the next breath, the trial court sentenced the defendant in the armed robbery charge "to serve a term of 40 (forty) years at hard labor, without the benefit of probation, parole, or suspension of sentence."
R.S. 15:824 provides that an individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Corrections. This article refers to the commitment of felons after final conviction and does not affect the sentence. State ex rel. Matthews v. Henderson, 292 So.2d 496 (La.1974). Defendant's sentence was "at hard labor" just as the armed robbery statute, R.S. 14:64, requires. The sentence was not rendered invalid by the failure of the trial court to specify the Department of Corrections as the place of commitment.
Nor do we think that an order of commitment in the case of a sentence at hard labor necessarily has to articulate that the prisoner is committed to the Department of Corrections. A sentence at hard *47 labor necessarily requires commitment to the Department of Corrections. LSA-R.S. 15:566(B); see also State v. Navarre, 289 So.2d 101 (La.1974) and State v. Blue, 315 So.2d 281 (La.1975). This assignment of error is without merit.
The conviction and sentence are affirmed.
AFFIRMED.