BARRY, Judge.
The defendant was convicted of armed robbery. La.R.S. 14:64. According to the docketmaster and minute entry he was sentenced to five years in Orleans Parish Prison without benefit of probation, parole, or suspension of sentence. He appeals assigning as error the trial court denial of his motion for a continuance forcing him to trial without adequate time to prepare or secure witnesses.
On July 25, 1986 the defendant noted an oral objection to the setting of trial on August 7, 1986, but did not file a written motion for continuance until August 5, 1986. The motion was not filed seven days prior to trial as required by La.C.Cr.P. Art. 707. His motion was based on the absence of witnesses, but it did not state the three requirements of La.C.Cr.P. Art. 709: (1) the facts to which the absent witness is expected to testify, its materiality and the necessity for the witness’ presence at trial; (2) facts showing a probability the witness will be available at the later time to which the trial is continued; and (3) facts showing due diligence in attempting to procure the witness’ attendance. See State v. Donaldson, 439 So.2d 1138 (La. App. 4th Cir.1983).
*589 The defendant’s tardy motion attached a list of witnesses, two of which were listed by first name only. The facts to which they would testify were not stated nor was the materiality of their testimony. The motion did not declare that the witnesses would be available at a definite later time nor did it set forth defense counsel’s attempts to locate them.
Even if timely filed, the granting or denying of a motion to continue lies within the trial court’s discretion. La.C.Cr.P. Art. 712. A denial is not grounds for reversal absent an abuse of discretion and a showing of specific prejudice. State v. Benoit, 440 So.2d 129 (La.1983).
In brief (but not in the motion) the defendant argues the witnesses would have testified that the defendant had been wearing a hat and sunglasses the day of the robbery contrary to the victim’s description. However, prejudice is difficult to find because a male bikerider saw the struggle between the female victim (in which her hand was cut) and the robber and he chased the perpetrator. The culprit who was eventually stopped by a security guard was the defendant.
Any possibility of misidentification due to a faulty description by the victim was discounted. The testimony of the other potential listed witnesses, many of the the defendant’s teachers (character witnesses) would have been repetitious. Several character witnesses did testify and two additional ones were stipulated. No prejudice has been shown to warrant reversal. The assignment of error lacks merit.
We note the docketmaster and minute entry state the defendant was sentenced to five years in Orleans Parish Prison although La.R.S. 14:64 mandates the sentence be served at hard labor. Individuals sentenced to confinement at hard labor shall be committed to the Department of Corrections. La.R.S. 15:824C; La.R.S. 15:566B; State v. Blue, 315 So.2d 281 (La.1975); State v. Hudson, 442 So.2d 735 (La. App. 1st Cir.1983). The commitment document does state imprisonment in the custody of the Department of Corrections.
A sentence is not rendered invalid by the trial court’s failure to specify D.O.C. as the place of commitment. State v. Caillier, 450 So.2d 43 (La.App. 3rd Cir.1984), writ denied 456 So.2d 168 (La.1984).
By statute the sentence for armed robbery must be “at hard labor” and in the custody of the Department of Corrections. An illegal sentence may be corrected by this court on appeal. La.C.Cr.P. Art. 882; State v. Wisenor, 452 So.2d 281 (La.App. 2d Cir.1984). The minute entry must be corrected to reflect that the five year sentence be served at hard labor in the custody of the Department of Corrections. See State v. Navarre, 289 So.2d 101 (La.1974).
The defendant’s conviction is affirmed. The sentence is affirmed as amended.
CONVICTION AFFIRMED.
SENTENCED AFFIRMED AS AMENDED.