McMILLAN, Judge.
The appellant was convicted of sodomy in the first degree, in violation of § 13A-6-63, Code of Alabama 1975. He was sentenced to 10 years in the State penitentiary. Three years of his sentence was to be served in the penitentiary, with the remaining seven years suspended, and the appellant was to be placed on probation for three years. If the defendant’s probation was revoked, he would have to serve the remainder of his sentence in the penitentiary.
I
The appellant argues that it was reversible error for the trial court to refuse to allow defense counsel to question the victim concerning her previous accusations of sexual misconduct against other individuals. The record indicates that the victim was called by the prosecutor, during the State’s case-in-chief, and was fully cross-examined by the defense counsel. Thereafter, during the appellant’s case-in-chief, the victim was called as his witness. The appellant had not requested to reserve the right to recall the witness for further cross-examination. After calling the victim as a defense witness, defense counsel attempted to impeach her with evidence that she had previously accused another individual of sexual misconduct against her. The trial court refused to allow defense counsel to admit the evidence, on the basis that it was an attempt to show sexual misconduct on the part of the complaining witness with another party and, as such, was inadmissible. Defense counsel submitted that the evidence was intended to show a plan, design, scheme, or intent on the part of the victim to extract money from men, including the appellant.
Because the appellant called the victim as a defense witness, the trial court properly disallowed the admission of the evidence, as a party may not impeach his own witness without declaring the witness to be adverse or hostile, or claiming surprise. “The courts traditionally have applied a general rule that a party may not impeach his own witness.” C. Gamble, McElroy’s Alabama Evidence § 165.01(6) (3d ed. 1977). “[I]f a witness who is already the witness of a party is subsequently called by another party as his witness, the witness then becomes the witness also of the other party such as to prevent his impeachment of that witness.” C. Gamble, McEl- *1209 roy’s Alabama Evidence § 171.01(4) (3d ed. 1977).
“Even though [a witness] had previously testified as a State witness and appellant had conducted a cross-examination of her at that point, that fact did not provide appellant with carte blanche to continue such cross-examination when he subsequently elected to call [the witness] as his witness. When appellant called [the witness] as his witness, he did not request the trial court to have her declared an adverse or ‘hostile’ witness. Anderton v. State, 390 So.2d 1083 (Ala.Cr.App.), cert. denied, 390 So.2d 1087 (Ala.1980). Indeed, there was no showing by appellant that [the witness] was an adverse or hostile witness; at most, appellant could have expected [the witness] to give ‘unfavorable’ testimony as his witness. See Wiggins v. State, 398 So.2d 780 (Ala.Cr.App.), cert. denied, 398 So.2d 783 (Ala.1981). Nor does the record in this case support a finding that appellant specifically reserved a right to recall [the witness] for further cross-examination or that the court granted such a reservation. Hall v. State, 51 Ala. 9 (1974); Baxter v. State, 360 So.2d 64 (Ala.Cr.App.1978). Even if appellant had requested the right to recall [the witness] at the conclusion of his cross-examination of her as a State witness, which he did not do, a trial court has discretion to allow or disallow a witness to be recalled for further cross-examination. Baxter, supra.”
Walker v. State, 416 So.2d 1083, 1091 (Ala.Cr.App.1982).
“Appellant simply made no demonstration or request in this case to place [the witness] on the witness stand in any other capacity than as a defense witness. Normally, in the trial of a cause a witness called by a party becomes that party’s witness. It is presumed that when a party places a witness on the stand he vouches for the witness’ credibility and cannot impeach him. Ward v. State, 376 So.2d 1112 (Ala.Cr.App.), cert. denied, 376 So.2d 1117 (Ala.1979). If this norm is not to be followed and a party desires to place a witness on the stand in the usual capacity in being the other party’s witness, the calling party should clearly designate in the record, at the time he places such witness on the stand, for what purpose the witness is being called. The burden is on the accused to see that the record is perfected for appeal. Heard v. State, 351 So.2d 686 (Ala.Cr.App.1977).”
Walker v. State, supra, at 1092. (Footnote omitted.)
“Thus, since [the witness] became appellant’s witness during his case-in-chief and appellant’s ‘avowed purpose’ in calling her was for the decidedly improper purpose of impeaching her testimony, appellant cannot cry foul in the trial court’s ruling which, in effect, prevented him from impeaching his own witness. If a trial court’s ruling is correct for any reason, the trial court will not be put in error for assigning the wrong reason therefor. Harnage v. State, 290 Ala. 142, 274 So.2d 352 (1972).”
Id., at 1092-93.
Thus, the trial court correctly refused to allow the defense counsel to cross-examine or introduce evidence to impeach the victim, who had become a defense witness.
II
The appellant argues that it was reversible error for the trial court to deny his motion for continuance, which was made on the grounds that he was under the influence of medication for a back injury, which, he says, rendered him incapable of assisting in his defense and denied him the effective assistance of counsel. The record indicates that the appellant requested a continuance, alleging that he had taken medicine which made him feel sleepy and groggy. Defense counsel called Judge William C. Gullahorn, Jr., in support of his motion for continuance. Judge Gullahorn testified that, on the day before, when he called the case for trial, he was presented with a statement and, on that basis, had telephoned a doctor, who verified that the appellant was his patient. He said the doctor further indicated that the appellant was on medication, indicating that it was a *1210 muscle relaxant and “had codeine or some such sedative in it.” Judge Gullahorn further testified that the doctor indicated that, after taking a dosage of it, the appellant might be “goofy.” On cross-examination, Judge Gullahorn testified that the doctor also stated that the appellant could be instructed to do without the medicine and that he would be fine. The doctor indicated that, without taking the medication, the appellant might be uncomfortable, but it would do him no harm. The appellant took the stand and testified that, although he had been informed that he should not take the medication, he did so. He further testified that, although the prescription said to take two capsules at bedtime, he had taken two capsules at 8:00 a.m. on that day and felt “very sleepy.” Following the hearing, the trial court denied the appellant’s motion for continuance, stating:
“All right, on the motion for continuance, it’s denied. And the Court will state for the record that the Court has observed Mr. Kirkland’s demeanor, how he answers questions. I have observed how he handles himself on the witness stand and find that he has handled himself with admirable clarity. The Court definitely finds that he is not ‘goofy.’ He might be drowsy, but certainly answers the questions clearly and with intelligence.”
The record demonstrates no abuse of discretion by the trial court. Campbell v. State, 484 So.2d 1168 (Ala.Cr.App.1985). See also Adams v. State, 47 Ala.App. 506, 257 So.2d 366 (Ala.Cr.App.1971), cert. denied, 288 Ala. 731, 257 So.2d 368 (Ala.1972). Moreover, the record indicates that the appellant took the medication on the morning of trial, knowing that he was to be in court and that his physician had stated that he should not take the medicine. Furthermore, the prescription indicated that the medicine was to be taken at bedtime, but the appellant purposefully took the pills at 8:00 on the morning of trial. Under the doctrine of invited error, an appellant cannot voluntarily invite error by his own conduct and then seek to profit thereby. Timmons v. State, 487 So.2d 975 (Ala.Cr.App.1986).
Ill
The appellant argues that it was reversible error to refuse to allow him to cross-examine an expert witness as to his qualifications and training. During the cross-examination of a polygraph examiner, who testified for the State, the following transpired:
“Q All right. Are you familiar with Dr.
Norman Anderson’s polygraph—
“[PROSECUTOR]: Your Honor, just a minute. We’re going to object to that.
“THE COURT: Sustained. It has to be shown that this is a recognized authority, [defense counsel], which has not been done at the present time.
“[DEFENSE COUNSEL]: All right, sir. Will Your Honor receive Proof of Facts on that issue?
“THE COURT: No, sir. Not without proper foundation.”
Because the appellant never established a proper predicate for the admission of this evidence, the trial court’s ruling was correct. “Although a witness may be cross-examined from a learned treatise, the proper predicate must first be established, see Smart v. State, 260 Ala. 30, 68 So.2d 6 (1953); C. Gamble, McElroy’s Alabama Evidence § 258.01(3) (3d ed. 1977). Here, there was no predicate and the ruling was proper.” Brooks v. State, 418 So.2d 195, 197 (Ala.Cr.App.1982) (wherein, during defendant’s cross-examination of a forensic witness, defense counsel began reading from a book on drug testing methods, and the trial court sustained the State’s.objection). Therefore, the decision of the trial court was proper.
AFFIRMED.
All Judges concur except BOWEN, J., who concurs specially with opinion.