| WALTZER, Judge.
STATEMENT OF THE CASE
The relator, B. M., was charged on 5 September 2000 with violating La. R.S. 14:95(E) relative to illegally carrying a weapon while in the possession of narcotics. Following a hearing, the trial court found probable cause. The relator waived a reading of the petition charging him with being a delinquent child and entered a response of “not guilty”. Following a status hearing on 4 October 2000, the relator was given until 10 October 2000 to file motions. The State was given until 16 October 2000 to respond to the relator’s motion and to file its motions, and the relator was given until 24 October 2000 to respond to the State’s motions. A motion hearing was scheduled for 30 October 2000.
On that day, the attorneys for the relator and the State appeared for the motion hearing in the absence of relator and his parents. Noting that the State had not filed an answer to the relator’s motions to quash and motion to suppress, the court continued the motion hearing to 20 November 2000, when the parties appeared for the hearing. The Court noted that a review of the file showed that the Clerk of Court had not issued subpoenas to compel the attendance of the police officers. The Court asked the State if it could make some telephone calls and locate the needed officers. The State’s attorney stated that he could make a best effort to do so; however, he noted that a subpoena from his office was meaningless because only the Clerk’s office could compel attendance. The State proposed that the motion hearing be set for the next week. The relator’s *1044 attorney argued that the State had not filed any request for witnesses and that the burden was on the State as the evidence in question was seized without a warrant. In view of the fact pthat the State had no witnesses present to meet its burden, the relator moved for judgment granting his motion to suppress. The trial court noted that the State had the burden of proof on the motion to suppress and that the State also had the burden to get its witnesses to the hearing. Accordingly he asked the State to place a telephone call to its investigator. The court noted that it had “sustained the motion to dismiss” and noted an objection.[1] He then asked if the parties wanted to confer. Following an off the record conference, counsel for the relator advised the court of his intention to seek writs from the denial of his request to grant the motion to suppress based on the failure of the State to have its witnesses present at the hearing. The trial is set for 4 December 2000.
FACTS
At the probable cause hearing of 5 September 2000, Officers Jay Sedgebeer and Scott Rodrigue testified concerning the events that resulted in the relator’s arrest. The officers testified that on 2 September 2000 at approximately 11:45 p.m., the relator was arrested in the 900 block of Felicity. Prior to the arrest, the two officers had been traveling on Annunciation Street. The officers stopped their vehicle at a red light. When their red light changed to green, the officers observed the vehicle in which the relator was a passenger continue through the red light. The officers initiated a routine traffic stop. When the driver of the vehicle stepped out the vehicle, the officers noticed a strong smell of marijuana in the vehicle. While standing by the passenger window of the vehicle, Officer Sedgebeer observed the relator place a small marijuana cigar in his mouth. Thinking he was trying to get rid of the marijuana cigar, Officer Rodrigue grabbed the relator’s jaw and told him to spit it out. The relator complied. After the relator was removed from the vehicle, the officers found a loaded 9-millimeter, Uzi-styled weapon on the seat and another loaded 9-millimeter handgun on the floorboard.
The officers also found another hand-rolled cigar containing what they believed to be marijuana in the vehicle.
J^DISCUSSION
In the first specification of error, the relator argues that the trial court erred when it granted the state’s oral motion for continuance of the motion hearing in order to give the State an opportunity to procure the attendance of its witnesses.
Having reviewed the transcript of the testimony and note of evidence taken on 20 November 2000, it is not readily apparent that the trial court granted the State’s oral request for a hearing. The State proposed that the matter be postponed. However, prior to any ruling on that request, the relator moved that the motion to suppress be granted. The court directed the State to call his investigator by phone. At that point counsel for the relator asked what would happen if the officers said they could be there in an hour or two. The court noted that this would result in the parties being present in court until 5:00 o’clock. The court then asked what counsel wanted him to do. He suggested that the parties confer. When the parties came back on the record the trial court stated that they would place on the record the intent of the relator’s counsel to seek writs. Counsel for the relator stated that it was his understanding that the Court was denying the motion to suppress based on the failure of the State to have its witnesses present. The court then set the return date for the filing of the writ.
Nowhere in the record is there an express ruling granting the motion for a continuance. ¿.¿However, because the court denied the relator’s request to grant his *1045 motion to suppress, we infer that the court in effect gave the State a continuance.
La.C.Cr.P. article 707 provides:
A motion for continuance shall be in writing and shall allege specifically the grounds upon which it is based and, when made by a defendant, must be verified by his affidavit or that of his counsel. It shall be filed at least seven days prior to the commencement of trial. (Emphasis added).
The above-cited article clearly contemplates that a motion for a continuance should be in writing. However, an oral motion for a continuance is permitted when the occurrences that allegedly made a continuance necessary rose unexpectedly. State v. Brown, 95-0755 (La.App. 1 Cir. 6/28/96), 677 So.2d 1057. While acknowledging that the jurisprudence has exceptions to the requirement that a motion for continuance be in writing, the relator argues that there is no exception for a failure to comply with the provisions of La.C.Cr.P. art. 709 which provides:
14Art. 709. Continuance based on absence of a witness
A motion for a continuance based upon the absence of a witness must state:
(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
(3) Facts showing due diligence used in an effort to procure attendance of the witness.
The relator argues that no showing of due diligence to procure the attendance of the police officers was made. On its face, this argument appears to have merit as it does not appear that the record contained any request for the officers to be subpoenaed. However, it also appears that there was some confusion on the part of the State and the Court as to whether such a request should have been in the record. However, it should be noted that this was a hearing on a motion, not a trial. Furthermore, it appears the case was fairly new to the juvenile court’s docket, and relator presented no evidence of any intentional prosecutorial attempts to delay prosecution of the case.
Generally the decision to grant or deny a motion for continuance rests within the sound discretion of the trial judge; a reviewing court will not disturb a trial court’s determination absent a clear abuse of discretion. La.C.Cr.P. art. 712; State v. Strickland, 94-0025 (La.11/1/96), 683 So.2d 218. Whether a refusal to grant a continuance was justified depends on the circumstances of the particular case presented.
The purpose of a continuance is to prevent prejudicial surprise. State v. Guidroz, 98-377 (La.App. 5 Cir. 10/14/98), 721 So.2d 480, 488, writ denied, 98-2874 (La.2/26/99), 738 So.2d 1061. In the instant case, the record is devoid of any evidence that the granting of the continuance prejudiced the relator. In denying the motion to suppress, the trial court noted that the relator was not being detained in the matter. The court further noted that there was still time, under the requirements of the Children’s Code, to bring the matter to trial within ninety days of the arraignment.
|sThe relator has not shown that he was prejudiced by postponement of the motion hearing. Therefore, it cannot be said the court abused its discretion by postponing the hearing on the motion to suppress.
In his second specification of error, the relator argues the court erred in denying his motion to suppress. This argument is premised upon a finding of error in postponing the hearing. As noted in the earlier discussion, it cannot be said the court abused its discretion in postponing the hearing, particularly in light of the fact *1046 that the relator was not being detained and no likelihood existed that he was being deprived of a speedy trial.
CONCLUSION AND DECREE
Accordingly, we grant relator’s writ application and deny the relief sought.
WRIT GRANTED; RELIEF DENIED.

. The court apparently meant it was denying the motion to suppress.