Judge Dale N. Atkins
The State of Louisiana ("State") appeals the trial court's Judgment which dismissed the criminal prosecution of the defendant, Anthony Cinquemano ("Defendant"), for theft of goods over one thousand five hundred dollars, a violation of La. R.S. 14:67(B)(1).[1] For the following reasons, we reverse and remand to the trial court for further proceedings.
Procedural Background
On April 20, 2016, the State of Louisiana filed a bill of information charging Defendant with theft of goods totaling an amount less than fifteen hundred dollars but over five hundred dollars, a violation of La. R.S. 14:67.10(B)(2). Defendant appeared for arraignment on May 20, 2016 and entered a plea of not guilty. On June 23, 2016, the State amended the charge in the bill of information to a violation of La. R.S. 14:67(B)(1), theft of goods over one thousand five hundred dollars. On July 12, 2016, Defendant filed a motion to quash the bill of information on the grounds *236 that prosecution was untimely instituted, which the trial court denied on February 23, 2017. Defendant sought review of the trial court's denial of the motion to quash via an application for a supervisory writ, which this Court denied on April 10, 2017. State v. Cinquemano , 2017-0261 (La. App. 4 Cir. 4/10/17)(unpub.).
On May 5, 2017, Defendant waived his right to a jury trial and the court held a preliminary hearing, found probable cause, and set a bench trial for June 23, 2017. The trial was continued on the State's motion until August 17, 2017, then continued again on Defendant's motion until September 15, 2017. On that date, the State moved for another continuance due to the victim's failure to appear at trial to testify and Defendant objected. After a brief oral argument, the trial court dismissed the case. The State appeals, raising the following assignments of error: 1) the trial court abused its discretion in denying the State's motion to continue trial; and, 2) the trial court abused its discretion in dismissing the prosecution's case. For the following reasons, we reverse the trial court's Judgment and remand for further proceedings.
Continuance
The State argues that the trial court abused its discretion when it denied the State's request for a thirty-day continuance of trial based on the unavailability of the State's primary witness, the victim in this case.[2]
"[T]he decision to grant or deny a motion for continuance rests with the sound discretion of the trial judge, and a reviewing court will not disturb such a determination absent a clear abuse of discretion." State v. Vanburen , 2008-0824, pp. 4-5 (La. App. 4 Cir. 12/30/08), 3 So.3d 552, 555 (citing State v. Johnson , 96-0950 (La. App. 4 Cir. 8/20/97), 706 So.2d 468, 478-79 (on reh'g ) ). "Whether a refusal to grant a continuance was justified depends on the circumstances of the particular case presented." State ex rel. B.M. , 2000-2562, p. 4 (La. App. 4 Cir. 11/29/00), 774 So.2d 1042, 1045. Louisiana jurisprudence has specifically held that the unavailability of a state witness is a legitimate reason for delaying trial and/or entering a nolle prosequi and thus does not violate an accused's right to a speedy trial. State v. Sanders , 2012-0409, p. 9 (La. App. 4 Cir. 11/14/12), 104 So.3d 619, 626-27 (citing State v. Love , 2000-3347, p. 6 (La. 5/23/03), 847 So.2d 1198 ; State v. Batiste , 2005-1571, p. 8 (La. 10/17/06), 939 So.2d 1245, 1249 ; State v. Scott , 2006-1610, p. 6 (La. App. 4 Cir. 4/25/07), 958 So.2d 725, 729 ; and State v. Shannon , 2009-0305, p. 8 (La. App. 4 Cir. 9/9/09), 17 So.3d 1061, 1067 ). See also La. C.Cr. P. art. 713 ("A motion for continuance, based on peremptory grounds as provided by law shall be granted.")
Review of the transcript of the September 15, 2017 hearing reveals the following colloquy:
STATE: Judge, at this time the state moves for a continuance due to the fact that I don't have a necessary witness needed to proceed and the state would ask to continue this matter out for thirty days.
THE COURT: Response?
DEFENSE: Judge ... [t]his has been set numerous times in the past; the victim hasn't showed up. Mr. Cinquemano has appeared-every time he was told to appear, he's appeared. We've appeared on his behalf and we object to this being continued.
*237 THE COURT: How many times has he come, do you know-
DEFENSE: I want to say close to a dozen, Your Honor.
THE COURT: Is this a situation where the victim cannot be served, cannot be found, or just won't appear?
DEFENSE: No, Your Honor. She lives in Orleans Parish. This is a contract dispute that should be-it should've been a simple matter. I don't know why it is she doesn't appear, but she has never appeared in these proceedings.
STATE: Judge, I've spoken with the victim a few times. She just went ghost on me two weeks ago, so that's why I'm asking for this to be continued.
THE COURT: What did she tell you?
STATE: I said she-she disappeared on me, Judge. She's willing to proceed with these charges-
THE COURT: Well it's time for her to start acting like it. Your motion to dismiss is granted.
The prosecutor attempted to correct the statements made by defense counsel, noting that the last continuance was requested by the defense, but the judge ruled that he had already dismissed the case, adding, "His [Defendant's] motion had a sound basis in law for dismissal." The trial judge then advised the State that it could file a new bill of information. The hearing transcript does not contain a specific ruling by the trial court on the State's motion to continue; rather, by ruling to dismiss the prosecution, it appears that the trial court implicitly denied the continuance. Both the docket master and the court minutes, however, indicate that the court denied the state's motion to continue.
Defendant contends that the district court's ruling was proper because the State did not comply with La. C.Cr.P. art. 707, which requires a written motion for continuance to be filed at least seven days prior to the commencement of trial. Defendant also argues that the State "failed to provide any facts and circumstances showing a probability that the purported victim would be available" at the later-requested trial date, and failed to show due diligence in its effort to procure the victim's attendance. However, the fact that the state's motion was not made in writing and filed at least seven days prior to trial, as provided in La. C.Cr.P. art. 707, does not appear to have formed the basis for the court's ruling, nor would it likely have been fatal, as "[a]n oral motion for a continuance is permitted when the grounds that allegedly made the continuance necessary arose unexpectedly." State v. German , 2012-1293, p. 24 (La. App. 4 Cir. 1/22/14), 133 So.3d 179, 196. At the hearing, the prosecutor explained to the court that he had lost contact with the victim just within the two weeks before trial but had spoken to the victim on several prior occasions and she had indicated that she wanted to proceed with the charges. Thus, it would be reasonable for the prosecutor to believe that the victim would appear and a written motion would not be necessary.
Similarly, Defendant argues that the State failed to present facts to establish its diligence in procuring the victim's presence or that she would be available in the future.[3] However, the prosecutor did inform *238 the trial court that the State had remained in contact with the victim up until two weeks prior to the trial date, and that she had always intended to testify at trial. When asked about the prosecutor's last conversation with the victim, the prosecutor attempted to provide the information but was interrupted by the court when the court instead announced its ruling. In any event, neither the lack of a written motion nor the State's failure to comply with the requirements of Art. 709 appear to have influenced the court's ruling.
Instead, the trial court seemingly was persuaded by defense counsel's assertions that the trial had been delayed "close to a dozen" times previously due to the victim's failure to appear. The court made as much clear when it granted Defendant's motion to dismiss, informing the State, "Well, it's time for her [the victim] to start acting like" she was willing to proceed. However, the Defendant's allegations of delay due to the victim's non-appearance are belied by the record. Notably, the trial judge was sitting ad hoc at the September 15, 2017 proceedings and may have been unfamiliar with the procedural history of the case. The record shows that, although Defendant appeared in court twelve times prior to the date of dismissal, only one previous setting was for trial, which was continued on the State's oral motion on the day of trial, and no reasons for that continuance are evident in the record.[4] The court reset the trial date for August 17, 2017; however, on July 21, 2017, the court granted a second continuance, this time on Defendant's written motion as defense counsel planned to be out of town on the day of trial. The trial was then reset for September 15, 2017, on which date the court ultimately dismissed the prosecution's case.
Moreover, there is no evidence that Defendant would have been prejudiced by the granting of a thirty-day continuance to the State. In State ex rel. B.M. , this Court found no evidence in the record that the defendant would have been prejudiced by a continuance, as he was not being detained at the time and the State still had time to bring the matter to trial without violating Defendant's right to a speedy trial. State ex rel. B.M. , 2000-2562, p. 4, 774 So.2d at 1045. Similarly, in the instant case, Defendant was free on bond during the pendency of the proceedings. Additionally, the State still had time to commence trial under La. C.Cr.P. art. 578 A(2), which allows two years from the institution of prosecution to bring an accused to trial. Considering the State filed the bill of information on April 20, 2016, and La. C.Cr.P. art. 580 suspends the running of the limitation period "[w]hen a defendant files a motion to quash or other preliminary plea until the court rules thereon," as Defendant did in this case, Defendant's statutory right to a speedy trial was not violated. We therefore find that the trial court abused its discretion in denying the State's motion for continuance.
*239 Dismissal of the Prosecution
The State next asserts that the trial court usurped the authority of the district attorney to control the prosecution under La. C.Cr.P. art. 61. The State concedes that the trial court has authority to grant a motion to quash filed pursuant to La. C.Cr.P. art. 532, et. seq. , but argues that Defendant did not file a motion to quash nor allege proper grounds for which a motion to quash may be granted. Defendant counters that the trial court informed the State during a bench conference that it would not grant its motion to continue; thus, if the State could not proceed to trial, the court would dismiss the case.
Under Louisiana law, "[a]ll pleas or defenses raised before trial, other than mental incapacity to proceed, or pleas of 'not guilty' and of 'not guilty and not guilty by reason of insanity,' shall be urged by a motion to quash." La. C.Cr.P. art. 531. "A motion to quash shall be in writing, signed by the defendant or his attorney, and filed in open court or in the office of the clerk of court. It shall specify distinctly the grounds on which it is based. The court shall hear no objection based on grounds not stated in the motion." La. C.Cr.P. art. 536. "The grounds for a motion to quash are waived unless a motion to quash is filed in conformity with these provisions." State v. Fortenberry , 2016-0379, pp. 5-6 (La. App. 4 Cir. 7/20/16), 197 So.3d 786, 789 (citing La. C.Cr.P. art. 535(D) ).
This court has generally held that the trial court is not authorized to quash a bill of information where defendant has not filed a written motion to quash. State v. Lodge , 2012-0733, 2012-0734, p. 10 (La. App. 4 Cir. 5/8/13), 116 So.3d 851, 858 ; State v. Dixon , 2010-1279, p. 3 (La. App. 4 Cir. 5/2/11), 64 So.3d 852, 854. An "oral motion [to quash] is equivalent to no motion at all and is treated as if never made." State v. Major , 2013-1139, p. 5 (La. App. 4 Cir. 4/9/14), 140 So.3d 174, 177 (citing State v. Carter , 2011-0859, p. 2 (La. App. 4 Cir. 3/21/12), 88 So.3d 1181, 1182 ). There is no record evidence to show that Defendant orally or in writing filed a motion to quash in this case. Moreover, Defendant's claim that the trial court advised the State that he intended to deny the continuance, and if the State was not prepared to go to trial, the court would dismiss the case, is not corroborated by the record. We note that the docket master reflects that a bench conference did take place during which the trial court may have discussed dismissing the case, but any events that transpired during the bench conference were not recorded and are therefore not available for this Court to review. Additionally, although the trial court indicated that Defendant's motion to dismiss had "a sound basis in law for dismissal," this Court is limited in its ability to review the basis of that ruling without the benefit of a written motion to quash and because the trial court made its ruling without an adequate contradictory hearing, as required by La. C.Cr. P. art. 537.
Furthermore, a trial court is authorized to quash an indictment based on the grounds provided by law under La. C. Cr. P. arts. 532, 533 and 534. However, the court has no authority to dismiss a criminal prosecution. The authority to dismiss or nolle prosequi a criminal prosecution is controlled by the district attorney, whose discretionary prosecutorial authority is vast. State v. Hayes , 2010-1538, p. 5 (La. App. 4 Cir. 9/1/11), 75 So.3d 8, 13 ; La. C. Cr. P. arts. 576, 691 and 693. "Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute." La. C.Cr.P. Art. 61 ;
*240 Hayes , 2010-1538, p. 6, 75 So.3d at 13. Generally, a timely instituted prosecution which is subsequently dismissed by the district attorney may be reinstituted by him at his discretion. See La. C.Cr. P. art. 576 ; State v. Polk , 2005-1118, p. 5 (La. App. 4 Cir. 5/31/06), 933 So.2d 838, 841 (holding that the State has plenary authority pursuant to La. C.Cr.P. art. 576 to dismiss a charge and then reinstitute prosecution in a case where doing so will not circumvent the statutory time limits for commencing trial). In the case sub judice , the trial court's abrupt dismissal of the case denied the State the opportunity to enter a nolle prosequi under the authority of La. C.Cr.P. art. 691, which would have allowed the State to reinstitute the charges subject to the time period set forth in La. C.Cr.P. art. 572, or within six months of the nolle prosequi as provided in La. C.Cr.P. art. 576. We therefore find, in the absence of a motion to quash with adequate grounds set forth therein, that the trial court was without authority to dismiss the prosecution's case.
For the aforementioned reasons, the judgment of the trial court denying the State's motion for continuance and dismissing the prosecution's case is reversed. The case is remanded to the trial court for further proceedings in accordance with this opinion.
REVERSED AND REMANDED
MCKAY, C. J., DISSENTS IN PART
JENKINS, J., CONCURS IN THE RESULT
MCKAY, C.J., DISSENTS IN PART
I respectfully dissent in part from the majority's opinion in this matter. I would affirm the district court's judgments denying the State's continuance. The district court based its decision on the State's failure secure its witness for trial. Based on the record before this Court the State failed to provide sufficient proof to satisfy the requirements for a continuance based on absence of a witness pursuant to La. C.Cr. P. art. 709.

La. R.S. 14:67(B) was subsequently amended by Acts 2017, No. 281, § 1. At the time of Defendant's alleged crime, however, La. R.S. 14:67(B)(1) provided, in pertinent part, that whoever commits the crime of theft valued at one thousand five hundred dollars or more shall be imprisoned for not more than ten years, with or without hard labor.

Although the underlying facts supporting the bill of information are not relevant to this Court's determination, the charge of theft arises from Defendant's alleged failure to install a generator at the victim's residence after receiving payment therefor.

La. C.Cr.P. art. 709 provides:
A motion for a continuance based upon the absence of a witness shall state all of the following:
(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial.
(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred.
(3) Facts showing due diligence used in an effort to procure attendance of the witness.

Review of the record reveals that Defendant's other court appearances consisted of the following: Defendant appeared for arraignment and to post bond; he appeared three times on his own motions for discovery and for a bill of particulars; he appeared three times on his motion to quash, and then again for his probable cause hearing; and on two occasions, Defendant appeared for proceedings which were continued on Defendant's own motion, one of which was due to defense counsel's failure to appear. Consequently, defense counsel's statement to the trial court that he "[didn't] know why it is [the victim] doesn't appear, but she has never appeared in these proceedings," appears disingenuous, as the victim's appearance was neither required nor expected at any of the pre-trial proceedings.