| STATE OF LOUISIANA | * | NO. 2024-K-0034 |
| --- | --- | --- |
| VERSUS | * | |
| | | COURT OF APPEAL |
| SAMIR MELENDEZ | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 556-844, SECTION "DIVISION G"
Judge Nandi Campbell
\* \* \* \* \* \*
**Judge Dale N. Atkins**
\* \* \* \* \* \*

(Court composed of Judge Joy Cossich Lobrano, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

Jason R. Williams, District Attorney
Brad Scott, Assistant District Attorney
Parish of Orleans
619 South White Street
New Orleans, LA 70119

    COUNSEL FOR THE STATE OF LOUISIANA

      **WRIT GRANTED; JUDGMENT REVERSED; STAY LIFTED;**
                                **REMANDED**
                              **JANUARY 23, 2024**

DNA

JCL

TGC

Relator, the State of Louisiana ("State"), seeks review of the district court's January 17, 2024 ruling, which denied the State's unopposed "Motion to Continue Trial" ("Motion to Continue"). For the following reasons, we grant the State's writ application, reverse the district court's ruling, lift the stay, and remand for further proceedings consistent with this Opinion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 26, 2023, a grand jury indicted the defendant in this matter, Samir Melendez ("Mr. Melendez"), on one count of first degree rape of a minor, S.G., and one count of indecent behavior with a juvenile under thirteen years old in violation of La. R.S. 14:42 and La. R.S. 14:81, respectively.[1] The State filed a bill of information against Mr. Melendez that same day. Subsequently, the district court held a motions hearing on October 13, 2023, on which date the district court also sought to set the matter for trial. During the hearing, the district court stated, "[I am] going to put this in January [2024], but I [do not] do a lot of continuance[s] of trials[,] so you have to put it in your calendar and make it happen." Thereafter, the district court asked counsel for the parties if a trial date of January 22, 2024,

_____

[1] We note this factual information because it is relevant to our discussion.

1

worked for them, and both the State and counsel for Mr. Melendez agreed to that date. The district court then stated:

> That trial will be January 22nd. Pretrial will be January 16th, 1-6, and cutoff. [We are] going to have cutoff on December 15th. Let me explain to you about our cutoff here in [this section]. That is the last day to file any motions, any request for special jury instructions. [That is] the last day to turn over discovery. [That is] the last day for everything. Any rulings [that are] outstanding, we have that on pretrial day and then we have trial on January 22nd.

Thereafter, on December 15, 2023, the State filed its "Notice of Expert Witness Pursuant to [La.] C.Cr.P. [art.] 719." Therein, in pertinent part, the State explained:

1. The State intends to call Camille Cousin Detrinis,[2] Forensic nurse Practitioner, as an expert in Child Abuse Examinations, Trauma, and Pediatrics.

   a. Ms. Detrinis will testify consistent to her report in NOPD Item Number J-21783-22/J-23560-11, which has been tendered to defense counsel.

   . . . .

2. The State intends to call Lisa Moore as an expert in Forensic Interviewing.

   a. Ms. Moore will testify about the Forensic Interview she conducted with the victim under NOPD Item J-21783-22/J-23560-22 that has been tendered to defense.

   . . . .

3. The State may call Neha Harish Mehta, MD, FAAP as an expert in Child Sexual Abuse Forensic Examinations, Child Sexual Abuse, and Trauma.

   a. Dr. Mehta will testify regarding medical findings, physical injuries, or lack thereof, common dynamics, behaviors, and experiences of child victims of sexual assaults and about common dynamics, motivations,

---

[2] We note that the spelling "DeTrinis" also appears in the record.

2

behaviors, and experiences of perpetrators [of] child sexual assaults.

However, on December 28, 2023, the State emailed to the district court its Motion to Continue,[3] wherein the State sought a continuance, in part, on the basis of having received notification that Camille Cousin Detrinis ("Ms. Detrinis") and Dr. Neha Harish Mehta ("Dr. Mehta") were both unavailable for trial on January 22, 2024. The Motion to Continue stated that Ms. Detrinis was unavailable because she was already scheduled to be in trial in St. Tammany Parish on that date and that Dr. Mehta was unavailable because she was scheduled to be out of town on that date.

According to the record, the district court was closed when the State emailed its Motion to Continue on December 28, 2023, and the district court remained closed until January 4, 2024. When the district court reopened on January 4, 2024, the district court did not set the State's Motion to Continue for a hearing. The State filed a physical copy of the Motion to Continue with the district court on January 8, 2024. In response to the State's email notifying him of the filing of the physical copy of the Motion to Continue, Counsel for Mr. Melendez responded via email on January 9, 2024, "No objection." The district court was not copied on that response by Counsel for Mr. Melendez. Upon receipt of the physical copy of the State's Motion to Continue, the district court did not set a hearing on the motion. Then, the district court was closed again on January 15, 2024, in honor of Dr. Martin Luther King Jr.[4] and on January 16, 2024, due to inclement weather.[5] On the latter date,

---

[3] In its email, the State noted its intention to file a physical copy of the Motion to Continue once the district court was back in session.

[4] Louisiana Revised Statutes 1:55(A)(1) lists "the third Monday in January, Dr. Martin Luther King, Jr.'s Birthday" as a day of public rest and legal holiday.

the State emailed counsel for Mr. Melendez asking if he was available to go before the district court the following day "to handle" the Motion to Continue. Counsel for Mr. Melendez did not respond.

The next day, on January 17, 2024, the State appeared before the district court[6] and sought a ruling on its Motion to Continue. Counsel for Mr. Melendez was not present. The following colloquy occurred when the State brought up its pending Motion to Continue:

> [THE STATE]:
> Yes, Your Honor. I had filed a motion to continue.
>
> THE COURT:
> [I am] going to deny that. [It is] going to be denied.
>
> [THE STATE]:
> I have three expert witnesses that are not available for that trial date, Judge.
>
> THE COURT:
> [I am] sorry to hear that. Denied.
>
> [THE STATE]:

---

[5] This Court can take judicial notice of government websites. *Gniady v. Ochsner Clinic Found.*, 2023-0215, p. 3 (La. App. 4 Cir. 12/28/23), ___ So.3d ___, ___, 2023 WL 8946265, at *2 n.3 (citing *Vescovo v. Air & Liquid Sys. Corp.*, 2023-0116, p. 10 (La. App. 4 Cir. 11/15/23), ___ So.3d ___, ___, 2023 WL 7638681, at *5 n.7. *See also State in Interest of K.B.*, 2023-0409, p. 9 (La. App. 4 Cir. 9/26/23), 372 So.3d 864, 872 n.12 (citing *Mendoza v. Mendoza*, 2017-0070, p. 6 (La. App. 4 Cir. 6/6/18), 249 So.3d 67, 71). The State alleged in its writ application that the district court was closed on January 16, 2024, and we take judicial notice of the district court's website, which confirms that the district court was closed on that date due to inclement weather. *See Building Closure*, https://www.criminalcourt.org/closure.html (Jan. 15, 2024, 6:00 p.m.).

[6] The district court originally scheduled the pretrial conference for January 16, 2024, the date on which the district court was ultimately closed due to inclement weather. The January 16, 2024 entry on the docket master states "Pre-trial conference[.] Court not in session this date due to inclement weather. Matter re-set. >Pre-trial conference set for 01/19/24 > Notify Def. Counsel." The January 17, 2024 proceeding is labeled "Pretrial Conference," thus indicating that the district court considered this to be the pretrial conference.

Your Honor, State also requests [a] stay.

THE COURT:

Do you have the physical motion to continue? We never got the physical motion. . . . I got an email but we never got a physical motion.

[THE STATE]:

Your Honor, it was filed in court.

THE COURT:

Who has the physical motion? Do you have the record? You want to bring the record over? Did you ever hear back from the attorney?

[THE STATE]:

Yes, Your Honor. I heard back from the Defense Attorney and he indicated that he did not have an objection to the motion to continue. . . .

. . . .

THE COURT:

I want to put this on the record. We picked this date on October 13, 2023. We picked a trial date of January 22nd. . . . We had a cutoff date . . . [on] which no motion to continue was filed . . . . This Court sets trial dates, especially [life without parole] trial dates, at least three months in advance to give everybody notice and time to prepare for trial. I also note that Mr. Melendez has been incarcerated and has been incarcerated since his arrest.

At this time, [I am] going to deny the State's motion to continue given that we set this matter back on October 13, 2023.

[THE STATE]:

Yes, Your Honor, I do understand that, but this Assistant District Attorney was not assigned to the case until December 15th. At that time, I started reaching out to all of the experts in the case . . . . It was at that time that I learned that my expert witnesses were not available for that date . . . . As soon as I was made aware of the issues with the experts and my inability to talk to the Defense Attorney about it, [that is] when I filed my continuance, Judge. I was not aware of the trial date in October because I was not on the case.

THE COURT:

I note, and I say this a lot in [this section], the State is the State. . . . [It is] the State of Louisiana and the State of

> Louisiana picked that date in October of 2023. [We are] now in January. So [I am] going to deny your motion to continue . . . .

Thereafter, the district court set a return date of January 19, 2024, and denied the State's request for a stay of the trial.

On January 19, 2024, the State timely filed its writ application. Therein the State requested expedited consideration and a stay from this Court. In its writ application, the State asserted only one assignment of error. Specifically, the State argued that "[t]he trial court abused its discretion when it denied the State's timely filed and written motion to continue the first trial setting when three critical and necessary witnesses are unavailable for trial." In its writ application, the State also explained that a third witness, Lisa Moore ("Ms. Moore"), was also unavailable for trial on January 22, 2024. On the same day that the State filed its writ application, request for expedited consideration, and request for a stay, this Court issued an Order: it granted the State's request for a stay pending further orders from this Court and ordered the district court to submit a *per curiam* by January 22, 2024, at 2:00 p.m.

The district court timely filed its *per curiam* in response to this Court's Order. The district court's *per curiam* stated, in pertinent part:

> On October 13, 2023, this court held a Hearing on Motions in this matter. At that time, this court set a trial date of January 22, 2024, a pre-trial date of January 16, 2024, and a cut-off date of December 15, 2023 . . . . After explaining that the cut-off date was the last date for all filings, this court asked both parties, does "[a]nybody have any questions or concerns about these dates?" . . . . The court again asked for questions and concerns before the matter was closed . . . . The State voiced no concerns.
>
> On December 15, 2023, the State filed Notice of Expert Witness Pursuant to [La.] C.Cr.P. art. 719. Based on that filing, this court was under the impression that all three experts had been served. On December 28, 2023, [the State] emailed this court a Motion to Continue the trial, due to the unavailability of State's expert witnesses

. . . . A hard copy of that Motion to Continue was not brought into court and properly filed until January 8, 2024. On January 17, 2024, this court denied the State's Motion to Continue.

It is this court's policy to set trial, pre-trial, and cut-off dates once the hearing on the motions has concluded. At the time these dates are picked, all parties are invited to ask questions or share concerns about those dates. On October 13, 2023, neither the State nor the Defense voiced any questions or concerns. . . . Furthermore, it is this court's policy that when this section of court is closed, filings may be made via email, and that parties must file a hard copy with the court on the next date court is open. Here, this court closed on December 21, 2023, and re-opened on January 4, 2024. [The State] was expected to file [the] emailed Continuance on January 4, 2024, but waited until January 8, 2024, to file her motion.

This court denied the State's Motion to Continue because it was not sufficient. The State failed to provide evidence that it legally served the expert witnesses a notice to appear. Furthermore, the State's motion did not provide the date it was notified of the witnesses' unavailability. Of the two unavailable witnesses, only one is a fact expert with direct involvement in the case.

We now turn to our discussion of the merits.

## DISCUSSION

### *Standard of Review*

As this Court has previously explained, the district court has "considerable discretion in ruling on a motion for continuance, and" an appellate court "will not disturb the [district] court's ruling absent a clear abuse of that discretion." *State v. Turner*, 2019-0777, pp. 17-18 (La. App. 4 Cir. 5/27/20), 301 So.3d 545, 555 (citing *State v. Brown*, 2012-0626, pp. 16-17 (La. App. 4 Cir. 4/10/13), 115 So.3d 564, 575). This considerable discretion stems, in part, from the inherent power and authority of the district court. *See State v. McCoy*, 2014-1449, p. 21 (La. 10/19/16), 218 So.3d 535, 553 (quoting La. C.Cr.P. art. 17). That is,

[a] court possesses inherently all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue such writs and orders as may be necessary or proper in aid of its jurisdiction. It has the duty to require that criminal

proceedings shall be conducted with dignity and in an orderly and expeditious manner and to so control the proceedings that justice is done.

La. C.Cr.P. art. 17. This inherent power includes the district court's authority to manage its docket. *State v. King*, 2010-2638, p. 6 (La. 5/6/11), 60 So.3d 615, 619. Despite this discretion, "Whether a refusal to grant a continuance was justified" will "depend[] primarily on the circumstances of the particular case." *Turner*, 2019-0777, p. 18, 301 So.3d at 555 (citing *State v. Winston*, 327 So.2d 380, 382 (La. 1976)).

***Motions to Continue***

As defined in La. C.Cr.P. art. 708, "[a] continuance is the postponement of a scheduled trial or hearing . . . ." When a party seeks a continuance, the party must file a written motion and "allege specifically the grounds upon which it is based." La. C.Cr.P. art. 707. The party must file the motion for continuance at least seven days before the start of trial. *Id.* Further, if a party seeks a continuance based on the absence of a witness, the party's motion must state:

> (1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial.
>
> (2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred.
>
> (3) Facts showing due diligence used in an effort to procure attendance of the witness.

La. C.Cr.P. art. 709(A). "A motion for continuance, unless consented to, shall be tried summarily and contradictorily with the adverse party." La. C.Cr.P. art. 711.

A motion for continuance can be based on discretionary or peremptory grounds. La. C.Cr.P. arts. 712, 713. Regarding the grant of a motion for continuance based on discretionary grounds, La. C.Cr.P. art. 712 states that "[a]

motion for continuance, if timely filed, may be granted, in the discretion of the court, in any case if there is good ground therefor." La. C.Cr.P. art. 712. That is, if the motion for continuance does not allege any peremptory grounds for a continuance, then the decision to grant or deny the motion is within the district court's discretion. *State v. Battista*, 517 So.2d 1096, 1098 (La. App. 3d Cir. 1987) (citing La. C.Cr.P. art. 712). *See also State v. Ballard*, 337 So.2d 481, 483 (La. 1976) (holding that "[t]he granting of a continuance is addressed to the sound discretion of the trial court . . . save for those grounds peremptorily required by statute . . . .") In the matter *sub judice*, the State did not allege any peremptory grounds for a continuance, so the decision to grant or deny the State's motion was within the district court's discretion. With these precepts in mind, we turn to the State's Motion to Continue and the circumstances of this particular case.

### *Necessity of the Witnesses*

In its Motion to Continue, the State explained that Ms. Detrinis and Dr. Mehta were unavailable for the January 22, 2024 trial date. Then, during the January 17, 2024 hearing, the State informed the district court that its third witness, Ms. Moore, was also unavailable for the January 22, 2024 trial. Before the State could further discuss the importance and necessity of these witnesses to the State's case, the district court denied the State's Motion to Continue. In fact, as soon as the State brought up its Motion to Continue, the district court responded, "[I am] going to deny that. [It is] going to be denied."

As this Court has previously explained, "Louisiana jurisprudence has specifically held that the unavailability of a state witness is a legitimate reason for delaying trial . . . ." *State v. Cinquemano*, 2018-0532, p. 3 (La. App. 4 Cir. 10/24/18), 257 So.3d 234, 236 (citing *State v. Sanders*, 2012-0409, p. 9 (La. App. 4

9

Cir. 11/14/12), 104 So.3d 619, 626-27). This is because "[t]he ultimate goal of a trial is a just result . . . ." *State v. Honore*, 2023-00461, p. 2 (La. 4/4/23), 359 So.3d 15, 15-16 (Weimer, C.J., additionally concurring). In its pleadings filed with the district court and in its writ application, the State noted that Ms. Detrinis was the forensic nurse practitioner who rendered a report in this matter. Additionally, in its pleadings filed with the district court and in its writ application, the State described Dr. Mehta as its expert in child sexual abuse forensic examinations, child sexual abuse, and trauma. Further, as the State explained in its writ application, Ms. Moore conducted the actual forensic interview with the victim in this case. With these explanations, the State demonstrated the importance and necessity of these witnesses to the State's case. Ms. Detrinis and Ms. Moore both interacted with the victim and rendered reports in this matter; and Dr. Mehta was to serve as the State's expert witness regarding the underlying subject matter of this case, i.e., child sexual abuse and trauma. In light of the importance and necessity of these witnesses, we find that "a just result," which is "[t]he ultimate goal of a trial," would not "be achieved at this point in the proceedings" without these State witnesses. *Honore*, 2023-00461, p. 2, 359 So.3d at 15-16 (Weimer, C.J., additionally concurring). Based on its reason for denying the State's Motion to Continue both during the January 17, 2024 hearing and in its *per curiam*, the district court did not consider these aspects of the State's Motion to Continue; and we find that the trial court abused its discretion in not considering these circumstances.

***Unopposed Nature of the Motion***

Next, we note the unopposed nature of the motion at issue here. As stated above, counsel for Mr. Melendez informed the State that he did not object to the

State's Motion to Continue, and the State informed the trial court of same during the January 17, 2024 proceeding. Nonetheless, the district court denied the State's Motion to Continue. Though, as we explained above, the decision to grant or deny a motion to continue based on discretionary grounds is within the district court's discretion, this Court has previously held that a district court abuses its discretion in denying a motion for continuance if both sides in a criminal case agree to a continuance of trial. *State v. Barnes*, 2011-1186, p. 1 (La. App. 4 Cir. 8/29/11), 72 So.3d 939 (first citing La. C.Cr.P. art. 707; then citing *State v. Lee*, 2011-1176, unpub. (La. App. 4 Cir. 8/25/11); then citing *State v. Richardson*, 2009-0953, unpub. (La. App. 4 Cir. 7/20/09); then citing *State v. King*, 2011-0243, unpub. (La. App. 4 Cir. 2/18/11); and then citing *State v. Terry*, 2011-0245, unpub. (La. App. 4 Cir. 2/18/11)). Additionally, the Louisiana Supreme Court has concluded that the district court abuses its discretion in denying joint motions to continue in certain circumstances. *See also Honore*, 2023-00461, 359 So.3d at 15 (holding that the district court erred in denying a joint motion to continue to give the defense time to review new DNA and fingerprint evidence); *State v. Watson*, 2022-00719 (La. 5/1/22), 338 So.3d 1169 (holding that the trial court abused its discretion in denying a written, joint motion to continue filed ten days before trial). Though the State's Motion to Continue was unopposed rather than a joint motion, the effect was the same as a joint motion in that counsel for Mr. Melendez did not object to it. Considering the foregoing jurisprudence, upon being informed at the January 17, 2024 hearing that counsel for Mr. Melendez did not object to the State's Motion to Continue, the district court should have considered the unopposed nature of the State's Motion to Continue in deciding whether to grant or deny it. As stated previously, as soon as the State brought up its Motion to Continue, the district

11

court responded, "[I am] going to deny that. [It is] going to be denied." Because the district court did not even know that the State's Motion to Continue was unopposed before denying it, the district court did not take into account the unopposed nature of the motion.

We also note that during the January 17, 2024 hearing in the course of denying the State's Motion to Continue, the district court subsequently pointed out that Mr. Melendez has been incarcerated since his arrest. This Court has taken into account whether the accused is incarcerated in reviewing a district court's ruling on a motion to continue. *See Cinquemano*, 2018-0532, p. 7, 257 So.3d at 238 (holding that the district court abused its discretion in denying a motion to continue filed by the State and noting that the defendant had been free on bond during the pendency of the proceedings); *State ex rel. B.M.*, 2000-2562, p. 4 (La. App. 4 Cir. 11/29/00), 774 So.2d 1042, 1045 (finding no prejudice in the granting of a continuance and noting that the juvenile was not being detained). However, to this end, we again note that counsel for Mr. Melendez did not object to the State's Motion to Continue. This relates back to the fact that the State's Motion to Continue was unopposed, which constitutes a factor that the district court should have considered in exercising its discretion to grant or deny a motion to continue.

Moreover, a continuance in this matter would not violate Mr. Melendez's right to a speedy trial, and this is another factor that this Court has considered in reviewing rulings on motions to continue. *See Cinquemano*, 2018-0532, p. 7, 257 So.3d at 238 (holding that the district court abused its discretion in denying the State's motion for continuance and observing, in relevant part, that the State still had time to commence trial under La. C.Cr.P. art. 578(A)(2)); *State ex rel. B.M.*, 2000-2562, p. 4, 774 So.2d at 1045 (holding that the juvenile court's grant of a

continuance did not prejudice the juvenile and observing, in pertinent part, that there was still time under the Louisiana Children's Code to bring the matter to an adjudication hearing). Regarding the time limitations for trial, La. C.Cr.P. art. 578 provides, in pertinent part:

> A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
>
> (1) In capital cases after three years from the date of institution of the prosecution;
>
> (2) In other felony cases after two years from the date of institution of the prosecution . . . .

As explained at the outset, the grand jury indicted Mr. Melendez on January 23, 2023, and the State filed the bill of information against Mr. Melendez that same day. One of the offenses for which the State charged Mr. Melendez, first degree rape, carries with it the potential for the State to seek a capital verdict if the victim was under the age of thirteen years. La. R.S. 14:42(D)(2)(a). The victim in this matter, S.G., was under the age of thirteen at the time of the offenses asserted herein. Thus, under La.C.Cr.P. art. 578, if the State will seek a capital verdict pursuant to La. R.S. 14:42(D)(2)(a), the State has three years to bring a speedy trial against Mr. Melendez. If the State does not seek a capital verdict, the State has two years to bring a speedy trial against Mr. Melendez. Regardless, because the State filed the bill of information against Mr. Melendez on January 23, 2023, a continuance of the trial set for just under one year later, January 22, 2024, would not violate Mr. Melendez's right to a speedy trial.

*Delay*

As explained in the timeline of events in the factual and procedural section of this Opinion, the State emailed its Motion to Continue to the district court on

13

December 28, 2023. At that time, counsel for Mr. Melendez had not told anyone of his lack of objection to the State's Motion to Continue. Even when counsel for Mr. Melendez did state his lack of objection on January 9, 2024, this information was only conveyed to the State, not the district court. The district court ultimately ruled on the State's Motion to Continue on January 17, 2024, because the State went to the district court seeking a ruling on the motion. This was twenty days after the district court first received the State's Motion to Continue. Only after informing the State of its denial of the Motion to Continue did the district court learn that counsel for Mr. Melendez did not object to the motion. That is, between December 28, 2023, and January 17, 2024, the district court would have considered this a motion to continue to which the defendant had not consented, yet the district court never set the matter for a contradictory hearing during that time.

As quoted previously, La. C.Cr.P. art. 711 states that "[a] motion for continuance, unless consented to, shall be tried summarily and contradictorily with the adverse party." After receiving the State's Motion to Continue on December 28, 2023, at which time Mr. Melendez had not consented to the continuance, the district court did not set this for a contradictory hearing in compliance with La. C.Cr.P. art. 711. Again, when the State filed the physical copy of the Motion to Continue on January 8, 2024, at which time Mr. Melendez still had not consented to the continuance, the district court did not set this for a contradictory hearing. In fact, the district court never set the State's Motion to Continue for a contradictory hearing even though the State complied with La. C.Cr.P. art. 707's requirement that motions for continuance must be filed at least seven days prior to trial and even though, as far as the district court knew, counsel for Mr. Melendez had not consented to the motion. The district court only ruled on the Motion to Continue

14

when the State appeared before the district court on January 17, 2024, and essentially forced the issue. Though La. C.Cr.P. art. 711 does not define "summarily," we find that a twenty-day delay (i.e., between the State emailing it on December 28, 2023, and the district court denying it on January 17, 2024), especially with an approaching trial date, does not qualify as "summarily." Had the district court ruled on the State's Motion to Continue sooner, perhaps the State might have been able to secure the presence of its witnesses. By the time the district court denied the Motion to Continue on January 17, 2024, however, the State was surely unable to secure its witnesses' presence for the start of trial only a few days later on January 22, 2024. Again, though the district court has considerable discretion in ruling on a motion to continue, we find that the district court abuses that discretion if it delays ruling on the motion to continue.

### Insufficiency of the Motion

We also note, as the district court did, certain deficiencies in the State's Motion to Continue per La. C.Cr.P. art. 709. However, the district court only concluded that the State's Motion to Continue was "not sufficient" at the end of its *per curiam*. The district court never listed this as a reason for its denial of the Motion to Continue during the January 17, 2024 hearing. We consider the district court's *per curiam* to be analogous to reasons for judgment, and reasons for judgment merely "set forth the basis for the court's holding and are not binding." *McDuffie v. State Farm Mut. Auto. Co.*, 2019-344, p. 5 (La. App. 5 Cir. 12/20/19), 287 So.3d 899, 903 (citing *Metairie Carnival Club, Inc. v. Lundgren*, 2012-246, p. 6 (La. App. 5 Cir. 10/20/12), 102 So.3d 999, 1002). We find that the sufficiency or insufficiency of the State's Motion to Continue was not a basis for the district court's denial of the motion at the January 17, 2024: instead, the district court

15

denied the motion as soon as the State mentioned it and only retroactively assigned insufficiency of the State's Motion to Continue as a reason for denying the motion in its *per curiam*. Additionally, in discussing reasons for judgment, the Louisiana Fifth Circuit Court of Appeal has explained that "[a]ppellate courts examine the result of the judgment rather than the reasons." *Dileo v. Horn*, 2015-684, p. 27 (La. App. 5 Cir. 3/16/16), 189 So.3d 1189, 1208 (citing *Dufresne v. Dufresne*, 2010-963, p. 6 (La. App. 5 Cir. 5/10/11), 65 So.3d 749, 754). This relates back to the notion that while the district court has considerable discretion in ruling on a motion to continue, the circumstances of the case control. The result of the district court's denial of the State's unopposed Motion to Continue was that the State would be forced to proceed against Mr. Melendez without its three necessary witnesses and did not find this out until only a few days before trial due to the district court's delay in ruling on the motion.

Rather, while denying the State's Motion to Continue during the January 17, 2024 hearing, the district court focused on the fact that the district court, the State, and counsel for Mr. Melendez had selected and agreed upon the January 22, 2024 trial date on October 13, 2023. Additionally, the district court referenced its "cutoff date" of December 15, 2023, for filing all motions. While we again acknowledge that the district court has the crucial task of controlling its docket, the district court's strict adherence to its December 15, 2023 cutoff date in this matter fails to take into account that the Louisiana Code of Criminal Procedure permits a party to bring a motion for continuance until "at least *seven days* prior to the commencement of trial." La. C.Cr.P. art. 711 (emphasis added). The State complied with this timeline and, in fact, brought its motion twenty-five days before the January 22, 2024 trial date. By denying the State's Motion to Continue based

on a self-selected "cutoff date," the district court abused its discretion by failing to consider the deadline found in La. C.Cr.P. art. 711. Additionally, in denying the State's Motion to Continue based on its insistence that the parties needed to comply with the district court's schedule, the district court also failed to take into account the particular circumstances of the State's motion, particularly the importance and necessity of the witnesses to this case, as discussed. In sum, we do not find the State's non-compliance with La. C.Cr.P. art. 709 to be fatal. In fact, the non-compliance could have been corrected if the district court had summarily ruled on the Motion to Continue.

## DECREE

For the foregoing reasons, we grant the State's writ application; reverse the district court's January 17, 2024 ruling, which denied the State's unopposed Motion to Continue; lift the stay; and remand this matter for further proceedings consistent with this Opinion.

**WRIT GRANTED; JUDGMENT REVERSED; STAY LIFTED; REMANDED**